CRAIG SMITH
(Name)
5-21-118, P.O BOX 799005
(Address)
SAN DIEGO, CA. 92179
(City, State, Zip)
709268
(CDC Inmate No.)

2254 ___ 1983 ___ ✓
FILING FEE PAID
Yes ___  No ___ ✓
IFP MOTION FILED
Yes ___  No ___ ✓
COPIES SENT TO
Court ✓  ProSe ___

FILED

2007 NOV -2 PM 4: 25

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___RM___ DEPUTY

# United States District Court
## Southern District of California

CRAIG SMITH
(Enter full name of plaintiff in this action.)

                                Plaintiff,

    v.

DAN LINK, NICHOLAS GONZALEZ,
JUDGE ALBERT HARUTUNIAN III,
CITY OF SAN DIEGO,
COUNTY OF SAN DIEGO
(Enter full name of each defendant in this action.)

                                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'07 CV 2105 JLS LSP

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

ALSO 42 USCA, § 1981, CIVIL RIGHTS ACT OF 1964

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, CRAIG SMITH
(print Plaintiff's name)
_____, who presently resides at RICHARD J. DONOVAN
(mailing address or place of confinement)
CORRECTIONAL FACILITY _____, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at CITY OF SAN DIEGO,
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO on (dates) 12-1-2005 THRU 10-30-06
(institution/place where violation occurred)          (Count 1)      (Count 2)      (Count 3)

§ 1983 SD Form
(Rev. 4/06)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant NICHOLAS GONZALEZ resides in SAN DIEGO,
(name)                                           (County of residence)
and is employed as a SAN DIEGO CITY POLICE OFFICER. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS THE ARRESTING OFFICER, WITNESS, AND APPOINTED INVESTIGATOR

_____

_____

Defendant DAN LINK resides in SAN DIEGO,
(name)                                           (County of residence)
and is employed as a COUNTY DISTRICT ATTORNEY. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS A COUNTY OFFICER, AND DISTRICT ATTORNEY, PROSECUTION IN CASE #

SCD195342, SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO

_____

Defendant ALBERT HARUTUNIAN III resides in SAN DIEGO,
(name)                                           (County of residence)
and is employed as a HONORABLE JUDGE. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS THE HONORABLE JUDGE IN SUPERIOR COURT OF CALIFORNIA IN AND

FOR THE COUNTY OF SAN DIEGO, IN CASE # SCD195342 IN THE RETRIAL/SECOND TRIAL

_____

Defendant _____ resides in _____,
(name)                                           (County of residence)
and is employed as a _____. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

§ 1983 SD Form
(Rev. 4/06)                                    2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: 4th Amend. - UNREASONABLE SEIZURES, FALSE . PROBABLE CAUSE

ARREST, FALSE IMPRISONMENT, 5th Amend. - DUE PROCESS, DEPRIVED OF LIBERTY, MALICIOUS PROSECUTION, FABRICATING EVID. (E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.) 14th AMEND. - DUE PROCESS; CRUEL AND UNUSUAL PUNISHMENT 8th AMEND.

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

ON DECEMBER 1, 2005, A THURSDAY EVENING, BUT THE PLAINTIFFS WEEKEND AS FOR WORK, AN AVID POOL PLAYER "BILLIARDS", I INQUIRED TO MY BROTHER "KEN SMITH", AFTER HE GOT OFF WORK TO GO PLAY, HE DECLINE FOR HE WAS TIRED, PLAINTIFF DECIDED TO GO ON HIS OWN TO ETTA'S BAR, WHICH PLAINTIEF FREQUENT ONCE OR TWICE A MONTH, BEING A THURSDAY NIGHT, I STOPPED AND PURCHASE A PINT OF BRANDY AND SEVEN-UP, IN CASE NOTHING WAS HAPPENING, I ARRIVED AT ETTA'S ABOUT 9:30pm OR SO, LILY SALVAGE THE BARTENDER WAS ON DUTY, THE NIGHT WAS SLOW, I WAS CHALLENGED TO SHOOT POOL BY A GUY, I LATER LEARN WAS ALPHONSION DENG, IN TRIAL LILY TESTIFIED THAT DENG HAD BEEN BELLIGERENT SINCE HIS ARRIVAL, I WON A GAME, THE FIRST GAME AND DENG BOUGHT ME A SCREW DRIVER, MY FIRST DRINK OF THE NIGHT, THE SECOND GAME I SCRATCH ON THE EIGHT BALL, DENG ARGUE ABOUT HIM BUYING ME ANOTHER DRINK, WHICH I HAD A SECOND DRINK, HE THEN ARGUED WITH LILY ABOUT HIS BILL, I TRYED TO CALM HIM DOWN, LILY EVENTUALLY ENDED UP USING A POOL STICK TO GET DENG OUT OF THE BAR, BY GENTLY LAYING IT ON HIS CHEST AND WALKING HIM OUT, THIS WAS ABOUT 10:50pm, LILY HAD LOCKED THE DOOR BEHIND HIM, SHE CLOSED THE BAR AT 11:00pm, ABOUT 11:10pm SHE ASKED ME AND ANOTHER PATRON TO EXIT THE BAR, WHEN I STEP OUTSIDE AND ON THE PARKING LOT, I STARTED WALKING TOWARD MY CAR, DENG WAS THERE WAITING, HE APPROACH ME MUTTERING, I WAS 44 YEARS OLD, DENG WAS 24", HE GRABBED MY SHIRT, I SAID LET GO, HE SWUNG AND HIT ME IN THE EYE, IN DEFENSE, I WAS ABLE PUT DENG ON THE GROUND TWICE, BUT HE WOULD GET BACK UP QUICKLY, I FINALY WAS ABLE TO GET IN MY CAR AND LEAVE HEADING HOME,

WHAT I DID NOT KNOW WAS DENG HAD GOT UP GOT IN HIS CAR AND WAS CHASING ME, HE LIVED IN THE OPPOSITE DIRECTION, A MILE PLUS LATER, I WAS AT A STOP SIGN, WHEN A LIGHT IN MY REARVIEW MIRROR, AND THEN IT WAS APPARENT THE VEHICLE WAS NOT STOPPING, I TRIED TO STEP ON THE GAS PEDAL, BUT WAS TOO LATE, THE CAR CRASH INTO ME AT ABOUT 35 TO 40 MPH THIS CRASH HAPPEN ABOUT 11:25pm, I IMMEDIATLY SUSPECTED IT WAS DENG, AND I KNEW HE WAS NOT TRYING TO FIGHT AGAIN, PER THE FIGHT HE STARTED JUST PRIOR, HE LOST

1  HE HAD HIT ME AT A HIGH SPEED ON THE MOSTLY RIGHT REAR END. MY CAR WAS A 2000 BLACK

2  MUSTANG CONVERTIBLE ; BUT, TO TAKE HIS OWN CAR AND USE IT AS A BATTERING RAM, HE WAS SEEKING

3  DEADLY VIOLENT HARM, I FEARED HE WAS ON SOME KIND OF RAGE, MY CAR HAD SPUN ALL THE

4  WAY AROUND, FACING THE OPPOSITE DIRECTION, HIS CAR WAS ON THE OTHER SIDE OF THE INTERSECTION,

5  I LOOKED BACK AT HIS VEHICLE AND COULD SEE A FIGURE BEHIND THE DRIVER SEAT, I DID NOT

6  KNOW IF IT WAS MORE THAN ONE PERSON OR NOT, I THEN TRYED TO DRIVE AWAY, BUT MY CAR WAS

7  INOPERABLE, I START THINKING MAYBE HE HAS A GUN OR SOMETHING, I THOUGHT I GOT TO GET OUT OF

8  THIS CAR, BUT THEN I WAS THINKING IT COULD BE SOMEONE WITH HIM ALSO. I COULD STEP OUT OF THE

9  CAR AND GET SHOT, THEN I WAS THINKING THEY COULD SHOOT ME IN THE CAR, I WAS LITERALLY

10  SHAKING, THEN I REACHED IN THE BACK SEAT AND GRABBED THE BAG WITH THE BRANDY AND

11  SEVEN-UP, LEANING OVER THE CENTER CONSOLE, RIGHT ABOVE THE PASSENGER SEAT, I POURED

12  THE PREVIOUSLY UNOPEN BOTTLE IN A COFFEE MUG, WHICH THE PINT HAD ALMOST FILLED IT UP,

13  A 16 oz MUG, I THEN POURED SEVEN-UP, IT OVERFLOWED AND I SPILL SOME ON THE FRONT

14  PASSENGER SEAT, I TOOK SEVERAL BIG GULPS, THE MUG WAS ALMOST EMPTY, I THEN PLACED

15  THE MUG ON THE FLOOR BEHIND THE FRONT PASSENGER SEAT, I CAUTIOUSLY GOT OUT OF THE CAR

16  AND CAUTIOUSLY WALKED AWAY FROM THE SCENE

17       I WAS ABOUT A BLOCK AWAY, WHEN A CAR DROVE UP WITH SOME MALES INSIDE, THEY SAID

18  SOMETHING LIKE, I SAW THE WHOLE THING MAN HE CREAMED YOU, OR SOMETHING LIKE THAT, THIS

19  MADE ME GO BACK TO THE SCENE, I WALKED BACK AND WAS PACING ON THE CURB AREA, SOME 20

20  FEET AWAY FROM MY CAR, KEYS IN MY POCKET, THE CAR LIGHTS WERE OFF, DURING THE WHOLE

21  NIGHT I NEVER LOOKED INSIDE THE OTHER VEHICLE, PER I DID NOT TRUST THAT ACTION, ABOUT 11:50

22  OR SO, AN AMBULANCE ARRIVED, I DENIED SERVICE, BUT DENB WAS TAKEN AWAY EVENTUALLY,

23  THE SAN DIEGO POLICE ARRIVED A FEW MINUTES AFTER THE AMBULANCE, BY THIS TIME I WAS STARTING

24  TO FEEL THE EFFECTS OF THE ALCOHOL I HAD QUICKLY GULPED, OFFICER NICHOLAS GONZALEZ, HE

25  ASKED ME WHAT HAPPEN, I TOLDED HIM THE OTHER VEHICLE CRASH INTO ME, WHILE I WAS AT THE STOP

26  SIGN, OFFICER GONZALEZ THEN PROCEEDED TO INSPECT THE SCENE AND GET INSURANCE INFO, HE NOTICE

27  THE LIQUID ON THE PASSENGER FRONT SEAT, AND ASKED WHAT WAS IT, I TOLD HIM ALCOHOL I HAD,

28  HE THEN HAD ME STEP BACK, HE FINISHED, THEN CAME AND ASKED ABOUT THE EVENTS PRIOR TO THE

1  CRASH, THEN HAD ME DO A FIELD SOBRIETY TEST, THE EFFECT OF THAT ALCOHOL WAS INCREASING BY THE

2  MINUTE, THE MORE AS TIME WENT ON THE WORSE I GOT, WHEN HE ASKED ME ABOUT MY DRIVER LICENSE

3  PRIOR TO THE TEST, I TOLD HIM I HAD A VALID LICENSE, WHILE I WAS LOOKING IN MY WALLET, HE

4  OBSERVED A MISSOURI'S DRIVER LICENSE, MY HOME TOWN, HE TOOK THEM, I TOLD OFFICER GONZALEZ

5  ABOUT I HAD THE FIGHT WITH DENG, AFTER THE TEST AT ABOUT 12:05 OR SO HE ARRESTED MYSELF FOR

6  DRIVING UNDER THE INFLUENCE, OFFICER GONZALEZ THEN TOOK ME TO THE STATION AND AT 12:27 AM

7  12-2-07, OFFICER DEORSARI RAN A BREATH INTOXILIZER TEST A READING OF .17, AND I EVENTUALLY

8  PASS OUT. WHAT WAS CRUCIAL IS BEFORE THE ARREST AND BEFORE HIS CONDUCT WAS IN A

9  MANNER SUSPECTING DRIVING UNDER THE INFLUENCE, HE HAD RAN A CHECK ON MY I.D. AND HE

10 SAID YOUR ON PAROLE, HIS DEMEANOR CHANGED, AND ALL DURING BOTH TRIALS, THEIR WAS NO

11 EMPATHY OF THE PLAINTIFF BEING A VICTIM OR TO CHARGE THIS OTHER GUY DENG WITH ASSAULT OR

12 NOTHING, IT WAS JUST TO PROSECUTE THE PLAINTIFF

13              OFFICER NICHOLAS GONZALEZ SUBMITS

14              A FALSE REPORT TO HIS SUPERVISOR

15 OFFICER GONZALEZ IN HIS REPORT TO HIS SUPERVISOR, STATED THAT ONE OF FACTORS, ONE OF HIS

16 REASONS FOR PROBABLE CAUSE, WAS THAT THE PLAINTIFFS CALIFORNIA DRIVER'S LICENSE WERE

17 SUSPENDED

18              INFORMATION FILED

19 ON DECEMBER 20, 2005, AN INFORMATION WAS FILED CHARGING PLAINTIFF WITH TWO COUNTS

20 INVOLVING A SINGLE INCIDENT OF ALLEGEDLY DRIVING UNDER THE INFLUENCE OF ALCOHOL, COUNT ONE

21 CHARGE A VIOLATION OF VEHICLE CODE 23152, SUBDIVISION (a) DRIVING UNDER THE INFLUENCE OF

22 ALCOHOL, AND COUNT TWO CHARGE A VIOLATION OF SUBDIVISION (b) DRIVING UNDER THE INFLUENCE

23 WITH A BLOOD ALCOHOL CONTENT OF .08 OR MORE

24        OFFICER NICHOLAS GONZALEZ MISLEADS THE JUDGE AT PRE-LIM ON THE BASIS

25        OF PROBABLE CAUSE WITH A MATERIAL OMISSION, INTENDING TO ENHANCE THE

26        CONTENTS OF THE AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE

27 OFFICER TESTIFIED THAT THE PLAINTIFFS CALIFORNIA DRIVER LICENSE'S WERE SUSPENDED, PLAINTIFFS

28 CALIFORNIA DRIVER LICENSE # C5935148 WERE VALID, AND NOT SUSPENDED AT TIME OF ARREST,

PAGE 3 (B)

1  → 12-02-05, OFFICER HAD FABRICATED HIS REPORT AND A AFFIDAVIT, AND FABRICATED EVIDENCE

2  TESTIMONY TO MISLEAD THE JUDGE.

3      OFFICER NICHOLAS GONZALEZ TESTIFYS WITH FABRICATED EVIDENCE IN TRIAL TO MISLEAD

4      THE JUDGE AND JURY.

5  DEFENSE ATTORNEY GREG TURNER OF PACIFIC LAW CENTER PROVIDE'S PROOF, THAT THE PLAINTIFFS

6  CALIFORNIA LICENSE'S WERE NOT SUSPENDED, BUT VALID, AFTER OFFICER GONZALEZ'S TESTIMONY IN TRIAL

7  THAT THE LICENSE'S WERE SUSPENDED, OFFICER GONZALEZ HAD TESTIFIED THAT HE HAD CHECK THE

8  LICENSE'S IN HIS COMPUTER IN THE CAR, BEFORE THE ARREST, ON CROSS EXAMINATION HE ADMITTED

9  HE HAD ERROR IN SUBMITTING HIS REPORT, AND MISTAKEN IN HIS PREVIOUS TESTIMONY

10              FIRST TRIAL CONCLUSION

11 THE PLAINTIFF'S FIRST TRIAL CONCLUDED ON FEBRUARY 17, 2006, THE JURY ACQUITTED PLAINTIFF

12 OF COUNT TWO - DRIVING UNDER THE INFLUENCE WITH A BLOOD ALCOHOL MEASURE OF .08 OR ABOVE,

13 BUT WAS NOT ABLE TO REACH A VERDICT ON COUNT ONE - DRIVING UNDER THE INFLUENCE OF ALCOHOL,

14 A MISTRIAL WAS DECLARED AS TO THAT COUNT

15              OFFICER GONZALEZ'S ARREST, FIRST TRIAL

16 OFFICER GONZALEZ DID NOT PURSUE AN ARREST FOR DUI, UNTIL HE RAN A CHECK ON THE PLAINTIFFS

17 CRIMINAL HISTORY, SAN DIEGO CITY POLICE OFFICERS HAS A CUSTOM, POLICY AND USAGE OF

18 CONDONING SYSTEMIC PRACTICE, THE CITY CONDONE'S THIS PRACTICE, OF RACIAL PROFILING

19 AFRICAN-AMERICANS WITH PRIOR CRIMINAL RECORDS WITH THE INTENT TO FALSELY ARREST AND

20 IMPRISON ARRESTEE WITHOUT JUST CAUSE, WHICH WILL BECOME MORE SELF-EX-PLANATORY IN

21 SECOND/RETRIAL ALSO.    OFFICER GONZALEZ'S WAS FULLY AWARE THAT THE PLAINTIFF WAS A VICTIM

22 OF A CRIME, ANY REASONABLE PERSON WOULD KNOW, IF TWO PEOPLE HAD A FIGHT, WHICH HE WAS

23 INFORMED, AND HAD NO REASON TO DISPUTE, PER BOTH PARTIE'S ACKNOWLEDGE, JUST PRIOR, AND THEN SOME

24 MILE AND A HALF AWAY, THE SAME TWO INDIVIDUALS, WHERE ONE CRASHS INTO THE OTHER AT

25 A STOP SIGN AT A HIGH SPEED OF 35 TO 40 MPH, WHILE THE OTHER IS OBEYING TRAFFIC LAWS, THERE

26 IS PROBABLE CAUSE THIS IS AN INTENTIONAL ACT OF PURSUING OR CHASING SOMEONE, AND NO INDICATION

27 OF AVOIDING A CRASH, AN ACT OF ASSAULT, BUT ALL OF THIS WAS IGNORED, IN FAVOR OF

28 PURSUING THE INDIVIDUAL "PLAINTIFF" FOR AN ARREST FOR DUI, IN WHICH NO DRIVING ELEMENT

1  WAS OBSERVED, NO INDICATION OR REPORTS OF IMPAIRED DRIVING, AND WAS REAR-ENDED AND

2  OBVIOUSLY NOT AT FAULT, AND THE COFFEE MUG WITH 20% FULL OF ALCOHOL, STANDING UPRIGHT

3  ON THE FLOOR IN THE BACK SEATING AREA, WOULD NOT TILTED OR SURVIVE A CRASH AT THAT HIGH

4  SPEED, AND SPLASH 4 FEET IN THE AIR GO OVER THE FRONT PASSENGER SEAT AND BACK SUPPORT AND

5  LAND ONLY ON THE SITTING AREA, NOT REASONABLE FOR AN OFFICER WHO IS TRAINED FOR DUI.

6  ARREST, OR ASSAULT, THIS WAS NOT EVEN REASONABLE SUSPICION, AND DEFINITELY NOT PROBABLE CAUSE

7  AS RETRIAL CLEARLY WILL SUPPORT ALSO.

8                        OFFICER GONZALEZ IN THE RETRIAL

9  DISTRICT ATTORNEY "DAN LINK" UNDER HIS POWER AS A COUNTY OFFICER, CONSTITUTION OF CALIFORNIA

10  ART. XI, SEC 4, 1, APPOINTED ARRESTING OFFICER OF SAN DIEGO CITY POLICE, NICHOLAS

11  GONZALEZ, THE PEOPLE'S PERSONAL INVESTIGATOR, THE D.A'S ACTION WAS THAT OF A POLICY MAKER

12  FOR THE COUNTY, AS A COUNTY OFFICER, NOT A PROSECUTORIAL ACT, OR A COMMENCEMENT OF

13  PROSECUTION, THEREFORE NOT ACTING ON BEHALF OF THE STATE, OFFICER GONZALEZ ONLY HAD AUTHORITY

14  TO INVESTIGATE IN SAN DIEGO COUNTY, NOT THE WHOLE STATE, AND WAS PAID OUT OF COUNTY FUNDS.

15    THIS APPOINTMENT OF THE ARRESTING OFFICER AS PROSECUTIONS INVESTIGATOR FOR THE PEOPLE

16  TAINTED THE OFFICER, AS HE ALSO TESTIFIED AGAINST THE PLAINTIFF, ANY REASONABLE PERSON ASSIGNED

17  SUCH DUTIES WOULD INCURE AN OBLIGATION BIAS IN FAVOR OF PROSECUTION, THIS ACT ALSO

18  ESTABLISH'S A CO-OPERATIVE COMMUNICATION VIOLATES PROTECTION OF ACCUSED, 5th.

19          AFTER THE ACQUITTAL OF V.C. 23152 (b), THE SECOND TRIAL WAS

20          BEGUN WITHOUT PROBABLE CAUSE FOR CHARGING CRIME, WAS ONLY

21          PRODUCT OF MALICIOUS PROSECUTION

22  IN THE SECOND TRIAL/RETRIAL, THE PLAINTIFF WAS CHARGE WITH THE MISTRIAL COUNT ONE, VEHICLE

23  CODE 23152 (a), DRIVING UNDER THE INFLUENCE OF ALCOHOL, NOW THAT IT IS A CONCLUSIVE

24  PROVEN FACT, THAT THE PLAINTIFF'S BLOOD ALCOHOL BY WEIGHT WAS NOT .08 OR ABOVE, THEREFORE

25  THEIR NO PRESUMPTION FACTOR, AND THE PLAINTIFF WAS DRIVING LEGALLY, NOT OVER THE LIMIT,

26  FOR A CONVICTION FOR 23152 (a), IT MUST BE PROVEN THE PLAINTIFF DROVE WHILE UNDER THE

27  INFLUENCE, BUT THERE HAS NEVER BEEN ANY PROBABLE CAUSE TO SUPPORT THAT FACT, NO OBSERVED

28  DRIVING ELEMENT, NO REPORTS OF IMPAIRED DRIVING, NO RUNNING RED LIGHTS, NOTHING, AND TO

PAGE 3 (D)

1 BE REAR-ENDED BY ANOTHER VEHICLE IS NOT PROBABLE CAUSE THAT THE PLAINTIFF WAS UNDER

2 THE INFLUENCE, THE PROBABLE CAUSE WOULD LIE ON THE PERSON AT FAULT, WHICH IN THIS CASE

3 IS DEING AS ESTABLISH, THEIR HAS, AND ONLY BEEN A MERE SUSPICION FROM THE START, AND

4 THAT SUSPICION HAS PROVEN TO BE INVALID BY THE JURY'S VERDICT ON V.C. 23152 (b), THUS

5 THE ARREST WAS MADE WITHOUT PROBABLE CAUSE, A FALSE ARREST

6       IN THE FIRST TRIAL OFFICER GONZALEZ TESTIMONY, COULD NOT EXPLAIN HOW THE COFFEE

7 MUG 20% FULL SITTING UPRIGHT ON THE FLOOR, BEHIND THE FRONT PASSENGER SEAT AND NO SPILL

8 IN THAT GENERAL AREA, BUT THEN A SPILL ON THE FRONT PASSENGER SEAT, SITTING AREA. IN THE

9 RETRIAL/SECOND TRIAL IN COLLABORATION WITH PROSECUTION TO OBTAIN A CONVICTION AND CONFINEMENT

10 OFFICER GONZALEZ NOW UNDER OATH STATED THE SPILL ON THE FRONT SEAT WAS A SPLASH-FORWARD

11 FAN-SHAPED, TO SUPPORT SOMEHOW THE HAD SPLASH FROM THE BACK AREA FORWARD ON THE

12 FRONT SEAT, ON CROSS-EXAMINATION HE ADMITTED THAT HE HAD NEVER DESCRIBED THE SPLASH

13 MARKS IN THAT MANNER UNTIL THE SECOND TRIAL.

14       OFFICER GONZALEZ AGAIN CHANGE HIS STORY TO COLLABORATE WITH PROSECUTION, UNDER

15 OATH, HE NOW STATED HE WAS NOT AWARE OF A FIGHT OR INDICATIONS OF A FIGHT ON PLAINTIFF'S FACE,

16 BUT HE CONCEDED THAT PLAINTIFF'S BOOKING PHOTOGRAPH DID SHOW SUCH BRUISES ON CROSS-

17 EXAMINATION   NO REASONABLE PERSON OR OFFICER GONZALEZ, WOULD THINK HE HAD

18 PROBABLE CAUSE TO SUSTAIN AN ARREST FOR D.U.I., AS HE STILL TESTIFIED IN THE RETRIAL,

19 WHEN HE TESTIFIED TO AN ARREST FOR DUI, WAS NOT REASONABLE AND HAD NO PROBABLE CAUSE

20 AND HE KNEW THIS PRIOR TO THE RETRIAL, YES, THE PROSECUTION SHOULD HAVE VACATED THAT

21 CHARGE, BUT HE STILL TESTIFIED TO JUSTIFY THE DUI ARREST, REASONABLY HE HAD A BIAS

22 OBLIGATION AS THE PROSECUTIONS INVESTIGATOR AND WAS TAINTED, THE COURSE OF ACTION WAS

23 EXTENDED TO FABRICATING EVIDENCE, WILLFULLY ADMITTING TO ERRORS, CHANGING STATEMENTS UNDER

24 OATH, FALSE STATEMENTS, NO PROBABLE CAUSE, RECKLESS REGARD TO THE PLAINTIFFS FEDERAL

25 RIGHTS.   ON APRIL 17, 2006, THE PLAINTIFF IN THE SECOND TRIAL WAS CONVICTED OF A

26 VIOLATION OF VEHICLE CODE 23152 (a) - DRIVING UNDER THE INFLUENCE OF ALCOHOL, WITH NO FINDING

27 ON ANY ENHANCEMENT, V.C. 23152 (a) ITSELF IS A MISDEMEANOR VIOLATION, ON JUNE 14,

28 THE PLAINTIFF RECEIVED A LETTER FROM THE CITY ATTORNEYS'OFFICE OF SAN DIEGO

1  - MICHAEL J. AGUIRRE; AFTER THE CONVICTION. NOW ACKNOWLEDGING THAT THE PLAINTIFF WAS A

2  VICTIM OF A CRIME, SIX AND A HALF MONTHS LATER FROM THE DECEMBER 1, 2005 INCIDENT, THIS

3  CONFIRMS THAT THE CITY CONDONE'S THE SYSTEMIC PRACTICE OF RACIAL PROFILING OF INDIVIDUALS WITH

4  PRIOR CRIMINAL RECORDS THAT RESULTED IN MALICIOUS INTENT TO FALSELY ARREST AND UNLAWFULLY

5  IMPRISON ARRESTEE WITHOUT JUST CAUSE, PER THE FACT THAT THE VICTIM OF A CRIME WAS INDEED

6  THE PLAINTIFF, THIS FACT WAS IGNORED OR HIDDEN TO DISCLOSE TO A JURY OR JUDGE UNTIL AFTER

7  A CONVICTION WAS MADE, PER IF DISCLOSE BEFORE A CONVICTION, IT WOULD HAVE A SIGNIFICANT

8  IMPACT AND HURT THE PROSECUTION'S CASE, FURTHERMORE ON OCTOBER 30, 2006, AT SENTENCING OF

9  SAID CASE # SCD195342 OF SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO,

10 IN DEPARTMENT 6, THE COURT SENTENCED THE PLAINTIFF TO AN UNAUTHORIZED SENTENCE BY

11 PENAL CODE, THE PRONOUNCEMENT OF JUDGMENT IS TO A VIOLATION OF VEHICLE CODE 23152 (a),

12 THE COURT DID NOT PRONOUNCE ANY FINDING ON A ENHANCEMENT, AND UNDER CALIFORNIA LAW

13 PUNISHMENT FOR A VIOLATION OF VC. 23152, WITHOUT A FINDING ON A ENHANCEMENT IS NOT

14 AUTHORIZED FOR STATE PRISON CONFINEMENT. THE VIOLATION ITSELF IS A MISDEMEANOR. THE

15 COURT SENTENCED THE PLAINTIFF TO 3 YEARS, UPPER TERM AND A 1 YEAR PRISON PRIOR, WHICH

16 IS NOT AUTHORIZED AND THE PRISON PRIOR WAS IMPROPERLY ADDED. ALL OF OFFICER GONZALEZ

17 ACTION'S AND COURT WERE OBJECTED TOO IN THE PROCEEDING'S

18       ON THIS COUNT 1, THE PLAINTIFFS AS IN ALL COUNTS IS ONLY SEEKING MONETARY

19 DAMAGES AGAINST OFFICER NICHOLAS GONZALEZ INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, THE

20 CITY OF SAN DIEGO, FOR FALSE ARREST THAT LED TO FALSE IMPRISONMENT, PROBABLE CAUSE FOR

21 PURPOSE'S OF A MALICIOUS PROSECUTION, MALICIOUS PROSECUTION, " LIABILITY FOR INJURIES, GOV. CODE

22 § 820, 822.2, COMPENSATION - CIVIL CODE 3333 ", CIVIL CODE PERSONAL RIGHTS § 52.3

23 CODE CIV. P § 1029, CIVIL CODE RELIEF § 3281, 3283, ALL WITHIN CCP § 340.3, PUNITIVE

24 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS NOT WITHIN, PERSONAL RIGHTS § 52, (A), (D),

25 " CRUEL AND UNUSUAL PUNISHMENT " FOR THE PLAINTIFF WAS DILIGENTLY SEEKED RELEASE FOR A

26 CORRECTION OF UNAUTHORIZED SENTENCE, WHICH KEEPS GETTING DENIED PENDING APPEAL

27

28

Count 2: The following civil right has been violated: 6th Amend, WITNESS IN HIS FAVOR, RIGHT TO COMPEL
(E.g., right to medical care, access to courts,
-JURY PROCESS, BRADY VIOLATION. 14th AMEND. -EQUAL PROTECTION OF LAW, 5th DUE PROCESS, 8th AMEND - CRUEL
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.) - AND UNUSUAL PUNISHMENT

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

THE PLAINTIFF ASSERTS THAT IN CASE# SCD195342, SUPERIOR COURT OF CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, 220 WEST BROADWAY, SAN DIEGO, CA. 92112, INVOLVING TWO TRIALS OF WHICH THE FIRST TRIAL PERTAINS TO ON DECEMBER 20, 2005, AN INFORMATION WAS FILED CHARGING PLAINTIFF WITH TWO COUNTS INVOLVING A SINGLE INCIDENT OF ALLEGEDLY DRIVING UNDER THE INFLUENCE OF ALCOHOL, COUNT ONE WAS CHARGED A VIOLATION OF VEHICLE CODE Section 23152, SUBDIVISION (a) - DRIVING UNDER THE INFLUENCE OF ALCOHOL, AND COUNT TWO ALSO SECTION 23152 SUBDIVISION (b) - DRIVING UNDER THE INFLUENCE OF ALCOHOL WITH A BLOOD ALCOHOL CONTENT OF .08 OR ABOVE. THE PLAINTIFF PLEAD NOT GUILTY, AND IN FEBRUARY OF 2006 THE CASE WENT TO TRIAL, BY JURY, TRIAL CONCLUDED ON FEBRUARY 17, 2006, AS TO COUNT ONE, A MISTRIAL WAS DECLARED, AND AS TO COUNT TWO, THE JURY ACQUITTED PLAINTIFF OF DRIVING WITH A BLOOD ALCOHOL LEVEL OF .08 OR ABOVE.

THE DISTRICT ATTORNEY DAN LINK, REFILED ON THE MISTRIAL COUNT VEHICLE CODE 23152 (a), UPON OBJECTION FOR DOUBLE JEOPARDY IT WAS GRANTED "A NEW TRIAL" ACTUALLY A RETRIAL. THE PLAINTIFF ASSERTS THAT HONORABLE JUDGE ALBERT HARUTUNIAN III, SO LICIT TO, AND EMPOWERED DISCRIMINATION, VIOLATED PLAINTIFF'S RIGHTS UNDER THE CIVIL RIGHTS ACT OF 1964, 42 U.S.CA § 1981 EQUAL RIGHTS UNDER THE LAW, IN PRE-TRIAL OF THE SECOND TRIAL ON OR ABOUT APRIL 6, 2006, DISTRICT ATTORNEY DAN LINK IN OPEN COURT, IN REFERENCE THAT HE HAD CONTACT WITH A WHITE FEMALE JUROR FROM THE FIRST TRIAL, THAT SHE INFORMED HIM THAT THE 2 "BLACK JURORS" "ONLY BLACK JURORS" IN THE FIRST TRIAL STATED THEY WOULD NOT CONVICT THE "PLAINTIFF" THEN DEFENDANT OF ANYTHING, DAN LINK STOOD UP IN COURT AND STATED TO JUDGE HARUTUNIAN III "HOW DO WE KNOW IF THESE TWO "BLACK JURORS" DID NOT INFLUENCE THE REST OF THE JURY NOT TO CONVICT THE DEFENDANT; I IMMEDIATELY SAID TO DEFENSE ATTORNEY GREG TURNER "THATS A RACIST STATEMENT AND TO OBJECT, WHICH HE DID, JUDGE HARUTUNIAN ISSUED A OUT OF COURTROOM SIDEBAR, WHEN DEFENSE COUNSEL TURNER CAME BACK 5 MINUTES LATER, HE SAID JUDGE HARUTUNIAN IS ALLOWING IT, IN THE SUBSEQUENTLY FOLLOWING JURY SELECTION, DISTRICT ATTORNEY DAN LINK WAS ENSURING NO AFRICAN AMERICANS "BLACKS" TO BE ON THE JURY, WHEN EVER A BLACK WOULD GET TO THE PANEL, HE SYSTEMATICALLY USE HIS PEREMPTORY CHALLENGES TO ELIMINATE THEM, 3 IN TOTAL, DEFENSE HAD SELECTED THE LAST BLACK POTENTIAL JUROR FOR THE PANEL,

1  DEFENSE COUNSEL GREG TURNER, SAID HE IS GOING TO REMOVE THE LAST BLACK POTENTIAL JUROR

2  "REFERRING TO DAN LINK" I TOLD GREG HE'S MAKING SURE NO BLACKS ARE ON THE JURY, THIS IS

3  RACIST, DO SOMETHING, WHICH TURNER DID, AN OBJECTION, AGAIN JUDGE HARUTUNIAN, DAN LINK, AND

4  GREG TURNER AND COURT REPORTER LEFT THE COURT ROOM, WHEN OFFENSE COUNSEL TURNER CAME

5  BACK, AGAIN HE SAID JUDGE HARUTUNIAN IS GOING TO ALLOW IT, THEN FOR SURE DAN LINK

6  CONTINUED HIS SYSTEMATIC EXCLUSION OF BLACKS "AFRICAN AMERICAN USED HIS PEREMPTORY

7  CHALLENGE AND REMOVED THE LAST POTENTIAL AFRICAN AMERICAN, DUE TO DAN LINKS STATEMENT

8  ABOUT THE BLACK JURORS OF THE FIRST, IT CAN'T BE OVERLOOKED, HE WAS NOT AWARE OF HIS ACTIONS,

9  AND JUDGE HARUTUNIAN III WAS ALSO AWARE, AND WAS FINAL POLICY MAKING AUTHORITY

10      THE DISTRICT ATTORNEY DAN LINK WAS CLEARLY VIOLATING THE CIVIL RIGHTS ACT OF 1964,

11  § 1981 EQUAL RIGHTS, THE JUDGE HAD THE POWER TO STOP IT, BUT NOT ONLY DID HE CONDONE IT, HE

12  EMPOWER IT, THE PLAINTIFF ASSERTS THAT ABSOLUTE IMMUNITY IS NOT A BURDEN IN LIGHT OF

13  DISCRIMINATION, AND THE PLAINTIFF ASSERTS TO THIS COURT, WHEN THIS COURT ASSEMBLES ALL THE

14  ACTIONS FOLLOWING THIS ONE, IN THIS CLAIM BY JUDGE ABBOT HARUTUNIAN III IS DISCRIMINATING AGAINST

15  THE PLAINTIFF

16                    CLEAR ABSENCE OF JURISDICTION

17  COURT PROCEEDINGS, CRIMINAL RECORDS ARE PUBLIC RECORDS, CAN BE OBTAIN BY THE PUBLIC, THE

18  PLAINTIFF'S ACQUITTAL IN THE FIRST TRIAL OF SAME CASE # SCD195342, DIFFERENT COURT ROOM

19  AND JUDGE, COURT RULES SET BY JUDGE HARUTUNIAN III OF THE RETRIAL ON OR ABOUT APRIL 10, 2006

20  WAS THE JURY IS NOT TO KNOW THE PLAINTIFF/DEFENDANT WAS ACQUITTED OF VEHICLE CODE 23152 (b),

21  THE JURY IS NOT TO KNOW THERE WAS A FIRST TRIAL, THE JURY IS NOT TO KNOW THIS IS A RETRIAL,

22  AND ANY REFERENCE TO THE FIRST TRIAL IS TO BE REFERRED TOO AS A PRIOR HEARING, AND THE JUDGE

23  REFUSE TO LET OFFENSE IN ANY MANNER, BRING IN THE ACQUITTAL OR KNOWLEDGE OF THE PREVIOUS TRIAL.

24      THE JUDGE ACTED IN CLEAR ABSENCE OF JURISDICTION, AND WAS ANOTHER STEP IN DISCRIMINATING

25  AGAINST THE PLAINTIFF, THE JUDGE HAS NO JURISDICTIONAL AUTHORITY TO DENIED ACCESS TO A PUBLIC

26  RECORD AND THE RIGHT TO PRESENT IT AS EVIDENCE FAVORABLE TO THE DEFENDANT, A PUBLIC RECORD

27  WHICH IS A MATERIAL WITNESS WITH A PROVEN FACT, THE JUDGE'S JURISDICTIONAL DEFECT WAS NOT ONLY

28  A BRADY VIOLATION, BUT SHIFTED THE BURDEN OF PROOF TO NOW AS THE PETITIER RATHER PLAINTIFF

PAGE 4 (A)

1  HAS TO PROVE TO THE JURY THAT HE WAS NOT DRIVING UNDER THE INFLUENCE WITH A

2  PRESUMPTION TO CONCLUDE IF THE PLAINTIFFS BLOOD ALCOHOL LEVEL WAS .08 OR ABOVE, THAT

3  HE WAS DRIVING UNDER THE INFLUENCE, WHICH WAS A ISSUE OF FACT, A FINAL JUDGMENT DECIDED

4  IN THE FIRST TRIAL OF THE SAME PARTY AND SAME ACTION "COLLATERAL ESTOPPEL, PPR THE JUDGE

5  HARUTUNIAN III GAVE THIS JURY INSTRUCTION PER CAL CRIM INSTRUCTION 2110:

6      IF THE PEOPLE HAVE PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT'S

7      BLOOD ALCOHOL LEVEL WAS .08 PERCENT OR MORE AT THE TIME OF THE CHEMICAL

8      ANALYSIS, YOU MAY, BUT ARE NOT REQUIRED TO, CONCLUDE THAT THE DEFENDANT

9      WAS UNDER THE INFLUENCE OF AN ALCOHOLIC BEVERAGE AT THE TIME OF THE

10     ALLEGED OFFENSE.

11  WHICH THE PLAINTIFF DID OBJECT TO ALL IN THIS CLAIM, PPR ALSO VAWS OR KNTIN THE JUDGE

12  ALLOWED FOR PROSECUTION TO PRESENT IN EVIDENCE THE FIELD SOBRIETY TEST AND THE BREATH INTOXILIZER

13  TEST RESULTS OF .17, THESE ACTIONS WERE SIGNIFICANT AND POWERFUL TO THE JURY, PPR THEIR IS

14  A PRESUMPTION FACTOR IN VC. 23152 (b), AND YOU DO NOT NEED TO PROVE IMPAIRED DRIVING, BUT IN

15  VC 23152 (a) YOU DO NEED TO PROVE, WITH THAT INSTRUCTION AND THE ALLOWANCE OF THE

16  BREATH TEST OF .17 ALONE, EVERY JURY WOULD CONVICT, BUT IF THE JURY HAD THE PROPER

17  INSTRUCTION, THAT THE PLAINTIFF WAS DRIVING WITH A BLOOD ALCOHOL LEVEL OF .08 OR ABOVE,

18  IN THAT NATURE, MORE THAN LIKELY A JURY WOULD NOT CONVICT, THE JUDGE'S ACTION WERE JUST

19  ANOTHER STEP IN DISCRIMINATION, BUT HE WAS NOT DONE

20      ON APRIL 17, 2006, THE JURY CONVICTED THE PLAINTIFF ON A VIOLATION OF VEHICLE CODE

21  23152 (a), DRIVING UNDER THE INFLUENCE OF ALCOHOL, THEN ON SENTENCING OCTOBER 30, 2006, DISTRICT

22  ATTORNEY DAN LINK, STIPULATED HE HAD A STATEMENT OF AGGRAVATION SO THAT JUDGE HARUTUNIAN

23  COULD SENTENCE THE PLAINTIFF/DEFENDANT TO AN UPPER TERM OF 3 YEARS, AND THE FACT THAT

24  CALIFORNIA RULES OF COURT SAY THE STATEMENT HAS TO BE FILED 4 DAYS BEFORE SENTENCING

25  AND THE FACT AS WILL BE SEEN ON ANOTHER COUNT OF THIS CLAIM, THE D.A. FABRICATED THE

26  EVIDENCE, AND ADVISES THAT CAL RULES OF CT. 4.437 SAY, STIPULATE THE STATEMENT IS A

27  DOCUMENT, AND DEFENSE REQUESTED A CONTINUANCE, ON THE STATEMENT FOR TIME TO GO OVER

28  IT, THE JUDGE DENIED IT, BUT WHAT IS CRUCIAL IS THEIR WAS NEVER A DOCUMENT SUBMITTED,

PAGE 4 (B)

1  THEREFORE, JUDGE HARUTUNIAN, DAN LINK AND DEFENSE COUNSEL ALL PRETENDED THAT THEIR
2  WAS A ACTUAL DOCUMENT, THEIR IS NO STATEMENT OF AGGRAVATION DOCUMENT ON OR IN THE
3  RECORD ON APPEAL, ALSO BACK ON JUNE 16 OR ABOUT WHEN THE PLAINTIFF WAS TRYING TO
4  FIRE, DISCHARGE DEFENSE COUNSEL GREG TURNER, JUDGE HARUTUNIAN STATE HE IS NOT INCLINED
5  TO RELIEVE MR TURNER, UNTIL THIS BIFURCATED ISSUE IS RESOLVED, PLAINTIFF DID NOT KNOW
6  WHAT IT WAS AT THE TIME, DID NOT KNOW WHAT BIFURCATION MEANT, ALL PARTIES WERE MISLEADING
7  THE PLAINTIFF THAT DAY, FOR THE PLAINTIFF DID NOT KNOW OR LEARN UNTIL AFTER SENTENCING WHAT
8  HAPPEN THAT DAY, THE RECORDS STATE THIS WAS A TRIAL, THEIR IS ONE MORE ACTION FROM JUDGE
9  HARUTUNIAN, BUT ALL OF THESE ACTS, CLEARLY ILLUSTRATES THE JUDGE IS NOT ACTING JUDICIAL, BUT
10 IS USING HIS POWER TO DISCRIMINATE, SEE EXHIBIT "PO-1", THE JUDGE'S ACTIONS WERE NOT OF A
11 JUDICIAL AUTHORITY OVER TWO OPPOSING PARTIES, IT WAS MORE OF A WITNESS FOR PROSECUTION WITH
12 DELEGATING AUTHORITY OF RACISM, THIS IS MODERN DAY RACISM, THE STATEMENT OF AGGRAVATION HAD
13 NO FORMAL PROOF, PROVIDED TO THE COURT, NO FACTS AT ALL AND WAS SUPPOSELY WAS THE
14 SAME AS A PROBATION REPORT, WHICH PLAINTIFF HAS NEVER SEEN THE PROBATION REPORT, THERE ARE
15 ISSUE'S WITH DEFENSE COUNSEL, TWO STATE BAR COMPLAINT WERE SUBMITTED, WHICH PLAINTIFF WILL ADDRESS
16 AFTER INCARCERATION, THE D.A. PROVIDED NO PROOF ON THE NUMEROUS CONVICTIONS, HE STATED WAS
17 IN HIS NON-EXISTENT DOCUMENT, ONLY RELYING A PROBATION REPORT, NOT MADE UNDER OATH AND
18 NOT VERIFIED, BEFORE JUDGE HARUTUNIAN II DENIED THE CONTINUANCE REQUEST BY DEFENSE FOR TIME TO
19 GO OVER THIS STATEMENT OF AGGRAVATION, JUDGE HARUTUNIAN STATED TO DEFENSE I'LL GIVE YOU 5 MINUTES
20 TO LOOK IT OVER AND TELL ME WHY I SHOULD GRANT A CONTINUANCE, BUT THE DOCUMENT DID NOT EXIST,
21 WHEN THE JUDGE SENTENCED THE PLAINTIFF, HE PRONOUNCE JUDGEMENT TO A VIOLATION OF VC. 23152 (a),
22 HE MADE NO FINDING ON AN ENHANCEMENT, WHICH IS A MISDEMEANOR WITH NO ENHANCEMENTS, THEN
23 HE SENTENCED THE PLAINTIFF TO 3 YEARS UPPER TERM AND A PRISON PRIOR UNDER 667.5 (b) FOR
24 ONE YEAR, CONFINEMENT IN STATE PRISON, WHICH IS UNAUTHORIZED BY THE PENAL CODE/VEHICLE CODE
25 23152 (a), ALSO ON THE RECORD ON APPEAL" THEIR IS NO PROOF OF PLAINTIFF ON PAROLE OR
26 PRIOR CONFINEMENT, THIS IS NOT THE ACTS OF A COURT, TO BLATANTLY DISREGARD THE U.S. CONSTITUTION
27 FEDERAL RIGHTS, IT'S OWN RULES OF COURT, AND ETHICS, IT'S RACISM. YOU MUST OBSERVE, NOW LETS
28 TAKE A LOOK AT THE FACTS IN SHORT FOR "MODERN DAY RACISM", THE PLAINTIFF

PAGE 4 (C)

1 | IS DOING 4 YEARS IN STATE PRISON, WHICH IS ALMOST COMPLETE FOR " ( BEING THE VICTIM OF A CRIME,

2 | GETTING REAR-ENDED AT A STOP SIGN, CONVICT<sup>ed</sup> OF DRIVING UNDER THE INFLUENCE OF ALCOHOL,

3 | THAT NOBODY SAW HIM DRIVING, AND NO EVIDENCE OR REPORTS OF IMPAIRED DRIVING, TRAFFIC

4 | VIOLATIONS, ALL WITH DRIVING UNDER THE LEGAL LIMIT OF .08 " ) THE FACTS ARE CLEAR, MODERN

5 | DAY RACISM.   THE PLAINTIFF ASSERTS THAT HONORABLE JUDGE ALBERT HARDTUNIAN III FOR

6 | ACTS OF DISCRIMINATION AGAINST THE CIVIL RIGHTS ACT 1964, 42. USCA. $1981. EQUAL RIGHTS,

7 | AND A ACT IN CLEAR ABSENCE OF JURISDICTION IS NOT GRANTED ABSOLUTE IMMUNITY AND

8 | PLAINTIFF IS SEEKING MONETARY DAMAGE'S ONLY, FOR DISCRIMINATION, DUE PROCESS, CRUEL

9 | AND UGLY UNUSUAL PUNISHMENT, COMPENSATION UNDER $ 3333, AND PUNITIVE, AND EMOTIONAL DISTRESS

10 | " IF THE STATE IS NOT LEGALLY LIABLE FOR ANY JUDGMENT AGAINST THE NAMED INDIVIDUALS, AND LOCAL

11 | GOVERNMENT, RATHER THAN THE STATE, WOULD BE RESPONSIBLE FOR ANY MONEY JUDGMENT RENDERED, AN ACTION

12 | AGAINST INDIVIDUAL DEFENDANTS WHO ARE EMPLOYEES IS NOT BARRED BY THE ELEVENTH AMENDMENT

13 | SEE HYLAND V. WONDER 117 F. 3d 405 (9th CIR. 1997),    ZOUN, 812 F. 2d AT 1110 -11

PAGE 4 (W)

Count 3:  The following civil right has been violated: 6th AMEND, RIGHT TO IMPARTIAL JURY, 5th AMEND. DUE
(E.g., right to medical care, access to courts,

PROCESS, 14th AMEND - EQUAL PROTECTION OF THE LAW, 5th AMEND - DOUBLE JEOPARDY, 8th AMEND - CRUEL AND UNUSUAL.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.) PUNISHMENT

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant,
by name, did to violate the right alleged in Count 3.]

THE PLAINTIFF ASSERTS, THAT DISTRICT ATTORNEY DAN LINK, A COUNTY OFFICER FOR THE COUNTY OF

SAN DIEGO, HE CALIFORNIA, VIOLATED HIS CONSTITUTIONAL RIGHTS OF THE 6th AMEND RIGHT TO AN

IMPARTIAL JURY, AND FURTHER VIOLATIONS OF § 1981 EQUAL RIGHTS, CIVIL RIGHTS ACT OF 1964, IN THE

RETRIAL OF COUNT 1; VEHICLE CODE 23152 (a), - DRIVING UNDER THE INFLUENCE OF ALCOHOL, IN PRE-TRIAL

ON OR ABOUT APRIL 6, 2006, DAN LINK IN REFERENCE THAT HE HAD CONTACT WITH A WHITE FEMALE JUROR

FROM THE FIRST TRIAL -

"THE FIRST TRIAL OF WHICH THE PLAINTIFF WAS CHARGED WITH V.C. 23152 (a) COUNT ONE,

AND COUNT TWO V.C. 23152 (b) - DRIVING WITH A BLOOD ALCOHOL CONTENT OF .08 OR ABOVE

THE FIRST TRIAL CONCLUDED ON FEBRUARY 17, 2006, THE JURY ACQUITTED PLAINTIFF OF

COUNT 2 VEHICLE CODE 23152 (b), AND MISTRIAL ON COUNT 1; VC 23152 (a)

- THE WHITE FEMALE JUROR TOLDED HIM THAT THE TWO BLACK JURORS OF THE FIRST TRIAL "ONLY BLACK

JURORS" HAD STATED THEY WOULD NOT CONVICT THE DEFENDANT "PLAINTIFF" OF ANYTHING, DAN LINK

STOOD UP IN OPEN COURT AND STATED TO JUDGE HARUTUNIAN, HOW DO WE KNOW THESE 2 "BLACK JURORS"

DID NOT INFLUENCE THE REST OF THE JURY NOT TO CONVICT THE DEFENDANT, I IMMEDIATELY SAID TO DEFENSE

COUNSEL GREG TURNER, THATS A RACIST STATEMENT, OBJECT, WHICH HE DID, THE COURT ISSUED A SIDEBAR OUT

OF THE COURT ROOM, WHEN DEFENSE COUNSEL CAME BACK 5 MINUTES LATER OR SO, HE STATED THE JUDGE IS ALLOWING

IT.    IN THE SUBSEQUENT JURY SELECTION, DISTRICT ATTORNEY DAN LINK ENSURED NO BLACKS TO BE ON

THE JURY, EVERY POTENTIAL BLACK JUROR, THAT MADE IT TO THE PANEL HE SYSTEMATICALLY USE HIS

PEREMPTORY CHALLENGES TO REMOVE THEM, WHEN IT CAME DOWN TO ONLY ONE AFRICAN AMERICAN

"BLACK REMAINING FOR A POTENTIAL JUROR, DEFENSE HAD SELECTED THE LAST BLACK POTENTIAL JUROR FOR

THE PANEL, DEFENSE COUNSEL TURNER, SAID THE D.A. IS GOING TO REMOVE THAT LAST BLACK JUROR,

I TOLD GREG HE'S MAKING SURE NO BLACKS ARE ON THE JURY, THIS IS RACIST, DO SOMETHING, GREG

DID AN OBJECTION, AGAIN THE COURT ISSUED AN OUT OF COURT ROOM SIDEBAR, WHEN TURNER, CAME BACK

HE SAID THE JUDGE IS GOING TO ALLOW IT, RIGHT AFTER DAN LINK CONTINUED HIS SYSTEMATIC EXCLUSION

OF BLACK JURORS, HE AGAIN USE HIS PEREMPTORY CHALLENGE AND REMOVED THE LAST POTENTIAL AFRICAN

AMERICAN "BLACK" PER DAN LINKS EARLIER RACIST STATEMENT, AND THE DEFENSE OBJECTIONS,

1. IT CAN'T BE OVERLOOKED, THAT HE WAS NOT AWARE OF HIS ACTIONS, THIS WAS AN INTENTIONAL ACT,

2. THIS WAS THE FIRST OF MANY, THE PLAINTIFF ASSERTS THIS COURT TO KEEP ASSEMBLING THE VIOLATIONS

3. IT IS MODERN DAY RACISM, THIS ACTION BY THE DISTRICT ATTORNEY DAN LINK, UNDER CALIFORNIA

4. PENAL CODE IS NOT AN ACT FOR THE COMMENCEMENT OF PROSECUTION FOR AN OFFENSE, WHICH IS

5. ONLY FOUR INSTANCES, THERE FORE THIS IS NOT AN ACT ON BEHALF OF THE STATE AND IMMUNITY IS

6. NOT GRANTED, THIS IS AN ACT AS A COUNTY OFFICER OF WHICH HE HAS POLICY MAKING AUTHORITY "FINAL"

7. UNDER CALIFORNIA CONSTITUTION ART. XI sec 4, ART 11 § 1 LOCAL GOVERNMENT, WHICH HE HAS

8. THE POWER, A BATSON VIOLATION ALSO.

9. BRADY VIOLATION AND MISCONDUCT-EQUAL PROTECTION

10. IN THE FIRST TRIAL OF THE SAME ACTION, THE PLAINTIFF WAS ACQUITTED OF DRIVING UNDER THE INFLUENCE

11. WITH A BLOOD ALCOHOL MEASURE OF .08 OR ABOVE, CASE# SCD195342, IN THE RETRIAL IN THE MONTH

12. OF APRIL, 2006, DEFENSE COUNSEL, OF THE COURT RULES OF WHAT THE RETRIAL JURY WAS TO KNOW,

13. THEY WERE NOT TO KNOW THIS WAS A RETRIAL, THAT THE PLAINTIFF WAS ACQUITTED OF VEHICLE CODE 23152

14. (b), AND THAT THEIR WAS A PREVIOUS / FIRST TRIAL, ANY REFERENCE WAS TO BE REFERRED AS A PRIOR

15. HEARING, CONCEIVABLE DRIVEN BY PROSECUTION, BY MOTION, THIS IS MISLEADING THE JURY, AN ATTORNEY

16. DUTIE NOT ALLOWED, DAN LINK SUPPRESS EVIDENCE THAT WAS FAVORABLE TO PLAINTIFF, A BRADY

17. VIOLATION AND VIOLATES DUE PROCESS, PLAINTIFF'S ASSERTS HE HAD A RIGHT TO CLAIM FINALITY WITH

18. RESPECT TO A FACT OR GROUP OF FACTS PREVIOUSLY DETERMINED IN HIS FAVOR UPON A PREVIOUS TRIAL

19. AGAIN NOT A PROSECUTORIAL ACT, WAS ACTING AS A COUNTY OFFICER, THIS ACT WAS INTENTIONAL

20. AND SHOWS THE EVIL INTENT PER NEXT, THE JURY INSTRUCTIONS WAS

21. IF THE PEOPLE HAVE PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT'S BLOOD

22. ALCOHOL LEVEL WAS .08 PERCENT OR MORE AT THE TIME OF THE CHEMICAL ANALYSIS,

23. YOU MAY, BUT ARE NOT REQUIRED TO, CONCLUDE THAT THE DEFENDANT WAS UNDER THE

24. INFLUENCE OF AN ALCOHOLIC BEVERAGE AT THE TIME OF THE ALLEGED OFFENSE

25. THIS TELLS THE JURY, IF PROSECUTION HAS ANY EVIDENCE THAT THE PLAINTIFF'S BLOOD ALCOHOL WAS .08

26. OR ABOVE, THAT, BY LAW THEY ARE TO PRESUME HE WAS DRIVING UNDER THE INFLUENCE, THEN DISTRICT ATTORNEY

27. PRESENTED EVIDENCE OF THE BREATH TEST THAT HAD A READING OF .17 UPON OBJECTION IT WAS

28. ALLOWED, AND LATER IN TRIAL, DAN LINK STATED TO THE JURY, THE DEFENDANT KNOWS HE WAS

PAGE 5 (A)

1  DRIVING OVER THE LIMIT, WHAT THE JURY DIDN'T KNOW, AND COULD NOT BE TOLD, AND ESTABLISH BY

2  PROSECUTION, DAN LINK AND JUDGE HARUTUNIAN WAS THAT THE PLAINTIFF WAS NOT DRIVING WITH A

3  BLOOD ALCOHOL LEVEL OF .08 OR ABOVE, AND THEY COULD NOT PRESUME OR CONCLUDE HE WAS,

4  PER HE WAS ACQUITTED OF THAT CHARGE IN THE FIRST TRIAL, THIS WAS EVIL, INTENTIONAL, WELL

5  PLANNED AND WAS MEANT TO INFLICT INJURY, VICIOUS, WHEN JURY DELIBERATED IT WAS IN TOTAL TIME

6  20 MINUTES OR SO, IT WOULD BE VERY HARD FOR ANY JURY NOT TO CONVICT IN THOSE CIRCUMSTANCES

7  THIS IS DEFINITELY MALICIOUS PROSECUTION

8  <center>COLLATERAL ESTOPPEL - DOUBLE JEOPARDY</center>

9  IN THE FIRST TRIAL, PLAINTIFF WAS ACQUITTED OF VEHICLE CODE 23153 (b) DRIVING UNDER THE

10  INFLUENCE OF ALCOHOL WITH A BLOOD ALCOHOL CONTENT OF .08 OR ABOVE, THIS FACT WAS CONCLUSIVELY

11  DETERMINED BY JURY ON FEBRUARY 17, 2006, THEREFORE DISTRICT ATTORNEY DAN LINK KNEW THAT THE

12  ALCOHOL THE PLAINTIFF CONSUMED IN LARGE QUANTITYS WAS AFTER THE COLLISON, PER THIS WAS NOT AN

13  ACCIDENT, FURTHERMORE THE FIELD SOBRIETY TEST AND THE BREATH INTOXILYZER TEST OF .17 IS DEEM

14  IRRELEVANT, FOR NOW KNOWING BY LAW, THE PLAINTIFF WAS NOT DRIVING WITH A BLOOD ALCOHOL LEVEL

15  OF .08 OR ABOVE, WHAT PURPOSE WOULD THE TEST OF .17 SERVE, NOTHING UNLESS THE JURY WAS INSTRUCTED

16  THEY MAY ENTER A LESSER CHARGE OF 647, THAT IS PENAL CODE 647-DRUNK IN PUBLIC, WHICH THEY WERE NOT,

17  BUT DAN LINK AS THE FACTS ILLUSTRATE HAD DEVISED A ARTIFICE TO MISLEAD, DECEIVE, CLEVERLY. DEEP DOWN

18  EVIL, MALICIOUS TO THE PLAINTIFF WITH NO REGARDS OF THE LAW, AND TOTAL DISRESPECT TO THE LAW AS IT IS

19  WRITTEN OR CREATED,

20  HIS PLAN ARE FACTS, IN THE RETRIAL WAS FIRST NOT TO LET THE JURY KNOW THEIR WAS A FIRST TRIAL, AND

21  FOR THEM NOT TO KNOW THE PLAINTIFF WAS ACQUITTED OF THE BAC OF .08 OR ABOVE, AND THEN HE WAS GOING

22  TO INTRODUCE THE FIELD SOBRIETY TEST AND BREATH INTOXILYZER TEST OF A READING OF .17, WHICH WOULD SAY

23  THE PLAINTIFF WAS OVER THE LIMIT, PER HE KNEW THEIR WAS NO EVIDENCE TO PROVE IMPAIRED DRIVING,

24  AND NOTHING IMPLICATED PROBABLE CAUSE, SO NOW HE WAS TO HAVE JURY INSTRUCTION'S TO TELL THE JURY

25  IF HE HAS EVIDENCE THAT THE PLAINTIFFS BAC IS EVER .08, THEY ARE TO CONCLUDE HE WAS DRIVING OVER

26  THE LEGAL LIMIT, NEXT THE TESTS WERE PRESENTED TO THE JURY, AND THEN HE SNUCK, SNEAK IN THE

27  STATEMENT, THE DEFENDANT KNOWS HE WAS DRIVING OVER THE LIMIT, OF WHICH OF COURSE, OBJECTION TO IT

28  ALL WAS MADE, HE HAD GOTTEN RID OF ALL THE BLACK JURORS, WHICH HE FELTED, AN OBSTACLE IN THE

1  FIRST TRIAL, NO MATTER HOW MANY CIVIL RIGHTS OR U.S. CONSTITUTIONAL RIGHTS WERE VIOLATED, NOTHING

2  IN THE COURT STOP HIS ACTIONS, PER IT IS PURE "MODERN DAY RACISM" AND TO CAP IT OFF AS

3  WILL BE ILLUSTRATED IN A FOLLOWING PARAGRAPH, DAN LINK FABRICATED EVIDENCE IN SENTENCING,

4  TO AGGRAVATE THE SENTENCE TO A HARSHER PUNISHMENT, THAT WAS ALLOW ALSO.

5      THE DISTRICT ATTORNEY DAN LINK INTRODUCE THE PLAINTIFFS BLOOD ALCOHOL READING OF .17

6  IN THE RETRIAL, AND HE STATED ON SEVERAL OCCASSIONS THAT THE PLAINTIFF WAS DRIVING OVER THE

7  LEGAL LIMIT, PER THE BASIC PRINCIPLE OF RES JUDICATA AND COLLATERAL ESTOPPEL" THIS WAS

8  AN ERROR AND DOUBLE JEOPARDY AS UNDER THE 5th AMEND, THERE IS NO DISPUTE THAT THE PARTIES

9  IN THE FIRST TRIAL ARE THE SAME PARTIES INVOLVED IN THE SECOND TRIAL, AND THE JURY INSTRUCTION

10 IS REVERSIBLE ERROR, BUT IN THIS ACTION, PLAINTIFF SEEKS ONLY MONETARY DAMAGES

11          APPOINTED ARRESTING OFFICER AS THE PEOPLE'S INVESTIGATOR

12 DISTRICT ATTORNEY DAN LINK ALSO AS HIS POWERS AS A COUNTY OFFICER, APPOINTED IN COURT TO JUDGE

13 HAROTUNIAN, AS HE STIPULATED TO THE COURT, THAT THE CITY OF SAN DIEGO POLICE OFFICER IS NOW THE

14 PEOPLE'S PERSONAL INVESTIGATOR, THE APPOINTMENT WAS MADE UNDER THE POWERS OF THE DISTRICT ATTORNEY

15 AS A FINAL POLICY MAKER FOR THE SAN DIEGO COUNTY, PER THE CITY POLICE OFFICER WAS GIVEN AUTHORITY

16 TO INVESTIGATE ONLY WITHIN THE COUNTY, AND THIS WAS FUNDED BY THE COUNTY, THE PLAINTIFF KNEWS THIS

17 APPOINTMENT WAS MADE BEFOREHAND AND THROUGH OUT THE SECOND TRIAL, BUT NOT SURE ABOUT THE FIRST

18 TRIAL, POWER AUTHORITY UNDER CALIFORNIA CONSTITUTION ART. XI, THIS ACT TAINT THE ARRESTING OFFICER,

19 PER HE ALSO WAS TESTIFYING AGAINST THE PLAINTIFF, IN WHICH ANY REASONABLE PERSON ASSIGNED SUCH

20 DUTIES WOULD BE INCLINE AN OBLIGATION BIAS IN FAVOR OF PROSECUTION, PER HE DID OFFICER GONZALEZ

21 WAS CAUGHT UNDER OATH TWICE FABRICATING EVIDENCE, SEE COUNT 1 IN THIS CLAIM, PLAINTIFF ASSERTS

22 THIS A VIOLATION OF DUE PROCESS OF THE 5th OR 14th AMEND.

23          FABRICATING EVIDENCE

24 ON APRIL 17, 2006, IN THE RETRIAL, PLAINTIFF BY JURY WAS CONVICTED OF VEHICLE CODE 23152 (a) - DRIVING

25 UNDER THE INFLUENCE OF ALCOHOL, AT SENTENCING ON OCTOBER 30, 2006, DISTRICT ATTORNEY DAN LINK

26 PRESENTED, ACTUALLY HE STATED THAT HE HAD A STATEMENT OF AGGRAVATION FOR AGGRAVATING THE

27 SENTENCE, DEFENSE COUNSEL MICHAEL SHONK REQUEST A CONTINUANCE, PER THE STATEMENT WAS JUST

28 INTRODUCED THAT DAY, GREG TURNER HAD BEEN DISCHARGED BY PLAINTIFF, THOUGH HE WAS THERE,

PAGE 5 (C)

1. JUDGE HARUTUNIAN IS NOT INCLINE TO GRANT THE CONTINUANCE, DAN LINK PROSECUTION SAYS IT'S THE

2. SAME AS WHAT IS IN THE PROBATION REPORT, AND THEY SHOULD ALREADY KNOW, THE COURT GAVE A RECESS

3. FOR DEFENSE COUNSEL, PER JUDGE STATED HE WOULD GIVE A 15 MIN BREAK, AND DEFENSE COULD COME UP

4. WITH WHY HE SHOULD GRANT A CONTINUANCE, WHEN HE CAME BACK HE DENIED THE CONTINUANCE

5. SEE EXHIBIT "P01", DEFENSE COUNSEL MICHAEL SHOUK SHOW THE PLAINTIFF A SHEET OUT OF THE

6. PROBATION REPORT OF WHICH I HAD NEVER SEEN THE PROBATION REPORT, I IMMEDIATELY OBJECTED TO WHAT

7. I SAW 2 ARIZONA CONVICTIONS FOR D.U.I. A 1983 FELONY, AND A 1998 FELONY BOTH CONVICTIONS,

8. DAN LINK STATED THE STATEMENT OF AGGRAVATION CONTAINS, HE NAMED THE 2 ARIZONA CONVICTIONS

9. FOR D.U.I, A 1983 FELONY CONVICTION FOR D.U.I. AND A 1998 FELONY CONVICTION, AMONG OTHERS,

10. AND AS TO MY OBJECTION OF THE 1983 FELONY CONVICTION, DAN LINK STATES ALL UNDER OATH, THAT

11. IN 1983, I WAS IN SOME KIND OF PRISON CAMP, HE ALSO STATED THAT THE PLAINTIFF WAS UNFIT FOR

12. SOCIETY AND SHOULD BE PUT AWAY ALONG TIME

13.    THE PROBLEM IS, I DON'T HAVE ANY ARIZONA DUI CONVICTIONS OF 1985, NONE PERIOD, AND AS

14. FOR THE 1983 DUI CONVICTION, IT IS NOT A FELONY CONVICTION, AND I WAS NOT IN A PRISON CAMP, AND

15. THE 1998 CONVICTION WAS A MISDEMEANOR SEE ACCOMPANYING EXHIBITS'S

16.    DISTRICT ATTORNEY DAN LINK NOT ONLY WAS FABRICATING EVIDENCE, ALSO THEIR IS NO

17. STATEMENT OF AGGRAVATION EVER FILED, HE NEVER HAD ONE. DAN LINK MAKING UP 2 ARIZONA CONVICTIONS,

18. KNOWING HE COULD NEVER PROVE IT, FOR IT NEVER HAPPEN, HE WAS MISLEADING THE COURT WITH NON-

19. EXISTENT FACTS, ONLY DEFENDANT HIM SELF MADE OBJECTIONS, THE COURT OR D.A. DAN LINK TO PROVE

20. OUTSTATE CONVICTION ARE ANY CONVICTION, IT WOULD SIMPLE TO PRODUCE A DOCUMENT, AND THEN

21. DAN LINK STATING STATED THEIR WAS A 1983 FELONY CONVICTION AND THE PLAINTIFF WAS IN SOME KIND

22. OF PRISON CAMP, ANY REASONABLE PERSON, SPECIFICALLY AN ATTORNEY WOULD KNOW, CALIFORNIA

23. PENAL CODE 1203 (a), WOULD KNOW THAT UNSUPERVISED PROBATION. COURT PROBATION IS A CONDITIONAL

24. SENTENCE" AND CAN ONLY BE MADE IN MISDEMEANOR, NOT AUTHORIZED IN FELONY CONVICTIONS, AND FORMAL

25. FELONY PROBATION WAS ERRANEOUS, PER FORMAL PROBATION IS MEASURED BY THE EXISTENCE OF SUPERVISED

26. PROBATION, AND PENAL CODE 1203.4a "CONDITIONAL SENTENCE RELIEF, A CRIMINAL DEFENDANT TO BE IMPEACHED]

27. WITH A FELONY PRIOR IS NOT APPLICABLE", WHICH IT WAS COMPLETED SUCCESFULLY "COURT PROBATION, THAT IS",

28. AND THEN TO ADD MORE FALSE INJURY, WHEN HE STATED PLAINTIFF HAS A 1998 FELONY

PAGE 5 (D)

1. IN JULY OF 1998, THE PLAINTIFF TOOK A PLER, ON DAY OF TRIAL, FOR POSSESSION OF A FIREARM, OF
2. WHICH FROM THE 1983 CRIMINAL MINUTES, THERE IS NO RESTRICTION ON HIPARCY, THE CONVICTION WAS A
3. MISDEMEANOR, A SENTENCE OF 20 HRS COMMUNITY SERVICE, BOTH THE 1983, AND 1998 CASE WERE IN
4. SANTA CLARA COUNTY, IN THAT SAME COUNTY, MAY 20, 2000, THE PLAINTIFF WAS ARRESTED FOR DUI
5. CASE # CC074566, WHICH 2-14-01, THE PLAINTIFF WAS SENTENCED TO STATE PRISON, THIS IS THE
6. PRISON PRIOR THAT WAS OBTAIN ILLEGALLY, PER RIGHT IN THE MIDDLE OF THAT CASE, COURT PROCEEDING OCCURRED
7. THAT THE PLAINTIFF DID NOT KNOW HAPPENED, THE D.A. IN THAT COUNTY, TOOK THE 1998 CASE # 205489
8. ON 11-22-00, AND MOVED TO THE COURT TO "DESIGNATED IT AS A FELONY, THIS WAS ILLEGAL AND
9. IMPROPER, THE COURT GRANTED THE MOVE, THEN ON THE DUI CASE # CC074566, THE PLAINTIFF WAS
10. SENTENCED TO STATE PRISON FOR 16 MONTHS ON 2-14-01, THE DEFENSE COUNSEL MOTION TO VACATE
11. THE JUDGEMENT OF THE MOVE ON 11-22-2000 ON FEBRUARY 8, 2001, JUST PRIOR OF THAT SENTENCING,
12. FOR THE DEFENDANT SHOULD HAVE THE OPPORTUNITY TO WITHDRAW HIS PLER FROM JULY OF 1998, SO
13. AFTER THE COURT SENTENCE ME ON 2-14-01 WITH A IMPROPER, INVALID POST-JUDGMENT FELONY
14. DESIGNATION, ON 3-2-01, THE COURT ON THAT MOTION TO VACATE, VACATED THE POST-JUDGEMENT
15. ON 11-22-2000, AND THEN DISMISS CASE # 205489, THE PLAINTIFF WAS NOT AWARE OF THESE ACTIONS
16. WHICH HE JUST RECENTLY DISCOVERD, AND WILL BE ATTACKING THE 2000-2001 CASE PER IT WAS
17. OBTAINED ILLEGALLY, THATS ANOTHER CONFIRMATION TO "MODERN DAY RACISM", BUT AS IN THIS
18. CASE, DAN LINK, WAS AGAIN FABRICATING EVIDENCE, PER THE CASE WAS DISMISS, AND PLAINTIFF WAS NOT
19. CONVICTED OF A 1998 FELONY, NO PROOF WAS PROVIDED TO THE COURT, BUT WAS ACCEPTED BY THE COURT
20. THEREFORE TO MAKE UP NON-EXISTENT CONVICTION, FABRICATE A MISDEMEANOR AS A FELONY,
21. FABRICATE A DISMISS CASE AS A FELONY CONVICTION, THAT WAS NEVER A FELONY VALID, IT WAS ONLY A VALID
22. MISDEMEANOR BEFORE DISMISSAL, AND UNDER CAL RULE OF CT. 4.437, A STATEMENT OF AGGRAVATION
23. NOT EVEN BE FILED 4 DAYS BEFORE SENTENCING, BUT IT IS A DOCUMENT, BUT NO DOCUMENT IS ON RECORD
24. ON APPEAL, THEREFORE ONE WAS NOT PRODUCED, THEY PRETENDED TO HAVE ONE THAT DAY AT SENTENCING
25. ALL PARTIES, AND HIS STATEMENT THAT THE PLAINTIFF IS UNFIT FOR SOCIETY, AND SHOULD BE PUT AWAY
26. A LONG TIME, ON TOP OF THE REST, THIS CONDUCT IS OUTRAGEOUS AND IS OFFENSIVE TO HUMAN DECENCY
27. IS PURE MALICIOUS, INTENTIONAL, DELIBERATE AND MUCH MORE THAN JUST FRAUD, VICIOUS ABSURD, IS INTENTIONAL
28. INFLICTION OF EMOTIONAL DISTRESS, THE PLAINTIFF HAS BEEN IN A STATE OF DISTRAUGHT, AND HIS FIGHTING

PAGE 5 (E)

1  FOR HIS LIFE, FOR HE CAN'T BELIEVE WHAT HAS BEEN HAPPENING, DISTRICT ATTORNEY DAN LINK IS RESPONSIBLE

2  FOR THE PLAINTIFF'S STATE PRISON CONFINEMENT ALSO, WHICH ON OCTOBER 30, 2006, THE COURT

3  SENTENCE THE PLAINTIFF TO 3 YEAR IN STATE PRISON + 1 YEAR FOR PRISON PRIOR UNDER 667.5 (6), BUT

4  THE COURT PRONOUNCE JUDGMENT OF A VIOLATION OF VEHICLE CODE 23152 (a) AND PRONOUNCED

5  NO ENHANCEMENT FOR THE VIOLATION, THEREFORE A MISDEMEANOR CONVICTION, AND UNAUTHORIZED SENTENCE

6  BY PENAL CODE/VEHICLE CODE, BUT THE PLAINTIFF HAS ALREADY BY PETITION AND MOTION FOR THE COURT TO

7  CORRECT AN UNAUTHORIZED SENTENCE WHICH PLAINTIFF SHOULD BE IMMEDIATELY RELEASED FROM PRISON

8  CUSTODY, SENTENCING COURT KEEPS RESBUNDING, DENIAL PENDING APPEAL AND THAT THE APPEAL IS THE

9  SPEEDY AND ADEQUATE REMEDY, I HAVE PETITION THE APPELLATE COURT ALSO AND IS AWAITING "COURT OF APPEALS

10 FOURTH APPELLATE DISTRICT, DIVISION ONE # D049993.

11     THE PLAINTIFF ASSERTS THE DISTRICT ATTORNEY DAN LINK INDIVIDUAL, AND WITH HIS FINAL

12 POLICY MAKING ACTIONS IN HIS OFFICIAL CAPACITY/AS A COUNTY OFFICER, THE COUNTY OF SAN DIEGO

13 IS BEING SUED AND PLAINTIFF IS SEEKING MONETARY DAMAGES FOR MALICIOUS PROSECUTION, FALSE

14 IMPRISONMENT, CRUEL AND UNUSUAL PUNISHMENT, PROBABLE CAUSE FOR PURPOSE OF MALICIOUS PROSECUTION,

15 FABRICATING EVIDENCE, BRADY VIOLATION, DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16 LIABILITY FOR INJURIES, GOVERNMENT CODE $ 820, 822.2, "COMPENSATION - CIVIL CODE $ 3333" CIVIL CODE

17 PERSONAL RIGHTS $ 52.3, CCP. $ 1029, CIVIL CODE RELIEF $ 3281, 3283, PERSON RIGHTS $ 52.(A),(B)

18 CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A $ 1981 EQUAL RIGHTS. (DISTRICT ATTORNEY DAN LINK WAS

19 ACTING AS A INVESTIGATOR, NOT A PROSECUTORIAL ACT WHEN PRESENTING EVIDENCE, HE HAD NO PROOF OCCURRED

20 WHEN HE CONCLUDED A PRISON CAMP, HE CONCLUDED MISDEMEANOR, AND DISMISS CASE'S TO BE A

21 FELONY, HIS INVESTIGATION AND ASSUMPTION WERE WRONG)

22

23

24

25

26

27

28

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

_____

_____

_____

_____

_____

_____

_____

_____

§ 1983 SD Form
(Rev 4/06)

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s): _____

_____

_____

_____

      2. Damages in the sum of $   _2,300,000.00_ .

      3. Punitive damages in the sum of $ _750,000.00_ .

      4. Other: _LOSS OF WORK, BACK/FRONT 250,000.00_

_____


**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐    Plaintiff consents to magistrate
      judge jurisdiction as set forth
      above.

**OR**

☒    Plaintiff requests that a district judge
      be designated to decide dispositive
      matters and trial in this case.

_OCTOBER 20, 2007_
Date

_____
Signature of Plaintiff

1   CRAIG SMITH

2   5-21-118

3   P.O. BOX 799005

4   SAN DIEGO, CA. 92179

5   T09268

6

7               UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9

10     CRAIG SMITH

11          PLAINTIFF

12     V.

13   DAN LINK                 COMPLAINT UNDER THE

14   ALBERT HARUTUNIAN III      CIVIL RIGHTS ACT

15   NICHOLAS GONZALEZ        42 U.S.C. § 1983

16   COUNTY OF SAN DIEGO      SEEKING MONETARY DAMAGES ONLY

17   CITY OF SAN DIEGO        ARGUMENTS

18         DEFENDANT(S)

19

20                 ARGUMENT

21                   I

22     THE PLAINTIFF FINDS CRUCIAL ELEMENTS OF THE UNLAWFULNESS OF HIS

23   CONFINEMENT, DESPITE THE VIOLATIONS OF THE U.S. CONSTITUTION IN PRESENT CASE BROUGHT

24   FORWARD, CASE # SCD195342 OF SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, THE

25   BLATANTLY IN YOUR FACE VIOLATIONS, AND THE CO-OPERATIVE POSITION, DEFENSE COUNSEL TOOK WITH

26   PROSECUTION, THE DEFENSE COUNSEL "PACIFIC LAW CENTER" ACTIONS WERE SO SHOCKING, THE

27   PLAINTIFF DID EXTENSIVE RESEARCH ON HIS OWN, AND MADE A STUMBINGLY DISCOVERY, THAT HIS

28   PRIOR CONVICTION OF 2001, CASE # CC07456 OUT OF SANTA CLARA COUNTY WAS OBTAINED

PAGE 1.

1  ILLEGALLY, OF WHICH HAS CREATED A DOMINOE AFFECT, THE PLAINTIFF IN THAT CASE WAS

2  SENTENCED AND SERVED 16 MONTHS IN STATE PRISON, IN THAT CASE, THE PLAINTIFF WAS CONVICTED

3  AND SENTENCE UNDER A VIOLATION OF VEHICLE CODE 2315.2 WITH A FELONY ENHANCEMENT

4  UNDER VEHICLE CODE 23550.5, WHICH STIPULATES A DEFENDANT TO HAVE HAD A FELONY

5  CONVICTION OF DRIVING UNDER THE INFLUENCE WITHIN 10 YEARS, THE PRIOR UTILIZED IN THAT

6  CASE WAS A 1993 DUI, CONVICTION, CASE #163775 OUT OF THE SAME COUNTY, SEE EXHIBIT

7  IN THAT 1993 CASE IMPASSE WAS DECLARED AND A "CONDITIONAL SENTENCE" WAS IMPOSED UNDER

8  CAL. PENAL CODE 1203(a), NO PRE-SENTENCE INVESTIGATIVE REPORT REFERRAL TO PROBATION

9  DEPT. OR OFFICER WAS DONE, AND THE PROBATION WAS UNSUPERVISED, NO PROBATION OFFICER,

10  ONLY COURT PROBATION, WHICH IS A "CONDITIONAL SENTENCE", AND NO RESTRICTIONS ON A DANGEROUS

11  WEAPON, ALL OF WHICH A REASONABLE PROSECUTOR WOULD HAVE KNOWN IT WAS A MISDEMEANOR

12  CONVICTION, EVEN THOUGH THE CRIMINAL MINUTES ERRONEOUSLY ILLUSTRATED THE PLAINTIFF WAS

13  ON FORMAL FELONY PROBATION (SEE PEOPLE v. LOCKETT, 195 CAL. RPTR 119 (CAL.APP 1 DIST 1983)

14  EVEN SO, THE COURT PROBATION OF 3 YEARS WAS SUCCESSFULLY COMPLETED, AND UNDER RELIEF

15  FOR A CONDITIONAL SENTENCE CAL. PENAL CODE 1203.4a APPLIES, WHICH CLEARLY STATES

16  TO IMPEACH A CRIMINAL DEFENDANT WITH A PRIOR FELONY CONVICTION IS "NOT APPLICABLE"

17  AS OF 2002

18      THEREFORE IN CASE # SC074566 THE MAXIMUM PUNISHMENT COULD ONLY HAVE BEEN

19  OF A MISDEMEANOR, INTURN THE PRESENT SAN DIEGO COUNTY CASE #SCD195342 THE MAXIMUM

20  ALLEGATION COULD ONLY BE THAT OF A MISDEMEANOR, PROSECUTION MISLEAD THE COURT

21      WHERE FORE THE PLAINTIFFS CRIMINAL HISTORY SINCE 2000 AND THE SUBSTANTIAL

22  AFFECT ON HIS LIFE HAS BEEN THE CIRCUMSTANCE OF VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS OF

23  THE UNITED STATES, AS CONSEQUENCES, AND APPARENT THE VICTIM OF RACIAL BIAS FOR A LONG TIME,

24      THE PLAINTIFF PAIDED PACIFIC LAW CENTER IN PRESENT CASE TO LOOK INTO THE PRIOR

25  CONVICTION, WHICH THEY DID NOTHING, HE ALSO INFORMED THE COURT AT SENTENCING, OCTOBER 30, 2006

26  BUT HIS THEORY WAS WRONG, WHICH THE COURT REFUSED TO ENTERTAIN

27      THE PLAINTIFF WAS NOT ABLE TO CONFIRM THE 1993 CONVICTION UNTIL RECENTLY, AS OF

28  THE PLAINTIFF INQUIRED TO CURRENT APPOINTED APPELLATE ATTORNEY CHRISTOPHER BLAKE

1  COULD HE ALSO ADDRESS THE PRIOR CONVICTION, FOR WHICH HE REPLIED IT IS OUT OF HIS SCOPE

2  EVEN THOUGH, THE PRESENT CASE IS A CONSEQUENCE OF THE PRIOR CONVICTION, SEE ALSO

3  " TOWNSEND V. BURKE, 68 S.CT. 1252 (1948), PREVIOUS CONVICTION HAD BEEN UNCONSTITUTIONALLY

4  OBTAINED, MIS.INFORMATION, MATERIALLY UNTRUE", THE PLAINTIEF HAS NO REMEDY, DUE IN MOST

5  PART FOR TIME RESTRAINTS, COMMENCE THIS ACTION FOR MONETARY DAMAGES AND

6  THEREAFTER COLLATERALLY ATTACK THE VOID JUDGMENT ON THE PRIOR CONVICTION

7      THEREFORE IN TRUE NATURE WITHOUT THE VIOLATIONS OF THE CONSTITUTION IN PRESENT

8  CASE, THE CONFINEMENT OF THE PLAINTIEF IS STILL UNLAWFUL, NOTWITHSTANDING THE

9  CONVICTION AND PRONOUNCEMENT OF JUDGMENT IN PRESENT CASE # SCD195342 WAS / IS

10 ONLY FOR A VIOLATION OF VEHICLE CODE 23152 (g) WITH NO ENHANCEMENT PRONOUNCED,

11 UNDER CALIFORNIA LAW AN ENHANCEMENT TO A VIOLATION MUST BE PRONOUNCED, ALSO UNDER

12 CALIFORNIA LAW CONFINEMENT IN STATE PRISON FOR A VIOLATION OF VEHICLE CODE 23152 (g)

13 IS NOT AUTHORIZED, DESPITE THE PLAINTIFFS DILIGENT EFFORDS TO THE COURT TO CORRECT

14 AN UNAUTHORIZED SENTENCE, THE PLAINTIFF WITHOUT A DOUBT IS CONFINED UNLAWFULLY.

15     THE PLAINTIFF'S APPEAL OF PRESENT CASE HAS FILED SINCE FEBRUARY 2nd, 2007, AND

16 THE PLAINTIFF CONTENDS THAT THE § 1983 ACTION FOR MONETARY DAMAGES ONLY, SHOULD

17 ACCRUE PRIOR TO THE OVERTURNING OF THE CONVICTION OR SENTENCE PER THE CONFINEMENT

18 IS ALREADY UNLAWFUL, SEE " ROWE V. CITY OF FORT LAUDERDALE (S.D. FLA 1998)

19    UNDER CALIFORNIA CIVIL CODE 340.3 A CIVIL ACTION FOR DAMAGES MUST COMMENCED

20 WITHIN A YEAR OF PRONOUNCEMENT OF JUDGMENT, WHICH WILL EXPIRE 10-30-07,

21

22                          ARGUMENT

23                             II

24     THE PLAINTIFF SUBMITTED VIA MAIL A HABEAS CORPUS PETITION TO TRIA COURT, SUPERIOR

25 COURT, COUNTY OF SAN DIEGO ON THE ILLEGAL SENTENCE, THE COURT FILED THE RESPONSE ON

26 JUNE 5, 2007, DENIED PENDING APPEAL STATEING, THE COURT STIPULATED IT LACKED JURISDICTION

27 OF THE CASE DUE TO THE APPELLATE COURT HAS JURISDICTION, " COURT OF APPEALS, FOURTH

28 APPELLATE DISTRICT, DIVISION ONE, BUT AS IN PEOPLE V. MASSENGALE 89 CAL. RPTR 237 (1970),

1  WHEN A COURT PRONOUNCES A SENTENCE WHICH IS UNAUTHORIZED BY THE PENAL CODE THAT

2  SENTENCE MUST BE VACATED, AND A PROPER SENTENCE IMPOSED, WHENEVER THE MISTAKE IS

3  APPROPRIATELY BROUGHT TO COURTS ATTENTION, AND IF A TRIAL COURT REFUSES TO CORRECT AN

4  ILLEGAL SENTENCE, RELIEF MAY BE OBTAIN IN REVIEWING COURT,    THEREFORE PLAINTIFF

5  SUBMITTED VIA MAIL A "MOTION TO VACATE VOID PORTION OF THE JUDGMENT AND TO IMPOSE AN

6  AUTHORIZED SENTENCE" TO TRIAL COURT ON JUNE 19, 2007, AFTER PLAINTIFF ON 9-11-2007

7  SUBMITTED A REQUEST FOR RULING, THE PLAINTIFF RECEIVED A ORDER FILED 9-20-07, THAT A

8  HABEAS CORPUS PETITION, NOT A MOTION WAS FILED 7-24-07 AND IS DENIED, DUE TO APPEAL IS STILL

9  PENDING AND THE APPEAL MAY BE THE SPEEDY AND ADEQUATE REMEDY, PER IN THE MOTION THE

10 PLAINTIFF ELABORATED THAT THE APPEAL WAS NOT THE SPEEDY REMEDY, STIPULATING TO THE

11 COURT TO DEFERMENT THE CORRECTION UNTIL THE APPEAL IS DECIDED, WOULD ONLY HEIGHTEN

12 A KNOWIN FACT AND WOULD BE CRUEL AND UNUSUAL PUNISHMENT

13     THE PLAINTIFF HAS SUBMITTED A PETITION VIA MAIL TO REVIEWING COURT 10-4-07

14 AND IS AWAITING, THE PLAINTIFF FINDS THESE ACTIONS INTENTIONAL, PER IN FEBRUARY OF

15 2007 UPON CONTACT WITH THE APPELLATE DEFENDER'S OFFICE, THE PARALEGAL "JEN" I BELIEVE INFORMED

16 ME THAT AN APPEAL TAKE'S A YEAR OR MORE, AND VERY RARE TO BE UNDER A YEAR, AND APPOINTED

17 APPELLATE ATTORNEY CHRISTOPHER BLAKE IN AUGUST, 07, ME THAT THE DISTRICT ATTORNEY OFFICE APPELLATE

18 DIVISION HAS A CUSTOM OF DELAYING AN APPEAL DECISION WELL BEYOND A YEAR, AND IN MOST

19 CASE'S AFTER THE PRISONER HAS SERVED ALL OF THE SENTENCE AND RELEASED, AND MOST RECENTLY

20 CHRISTOPHER BLAKE ON OCTOBER 12, 2007 APPROX. 2:30PM, TOLD ME HE DOESN'T EXPECT A DECISION

21 ON MY APPEAL UNTIL AFTER APRIL, 2008, IN WHICH I WOULD BE RELEASED IN APRIL

22     I FIND THE CUSTOM TO BE TRUE, BUT CONTRIBUTE IT TO BE CO-OPERATIVE WITHIN THE COUNTY, PER

23 MR. BLAKE HAS BEEN BLATANT WITH HIS MISLEADING, I SUBMITTED A MARSDEN MOTION TO RELIEVE

24 CHRISTOPHER BLAKE, IT WAS DENIED. THE FOLLOWING ILLUSTRATES FACT OF THE DELAY TACTIC:

25   • PRONOUNCEMENT OF JUDGMENT IN CASE # SCD195342 WAS 10-30-06

26   • CALIFORNIA CIVIL CODE 340.3, CIVIL ACTION FOR DAMAGES MUST COMMENCE WITHIN ONE

27     YEAR OF THE PRONOUNCEMENT OF JUDGMENT

28   • PLAINTIFF FILED NOTICE OF APPEAL DECEMBER 6, 2006, WITH MOTION FOR →

1  COURT APPOINTED ATTORNEY UPON APPEAL

2  • THE APPEAL WAS FILED FEBRUARY 2, 2007, WITH OPENING BRIEFS DUE MARCH 14, 2007

3  • PLAINTIFF MOTION FOR COURT OF APPEALS TO ORDER TRIAL COUNSEL TO TURN OVER ALL FILES, MATERIAL

4  FOR PLAINTIFF HAS NO ATTORNEY, ALSO REQUESTED EXTENSION FOR OPENING BRIEFS ON MARCH

5  4, 2007

6  • THE COURT OF APPEALS DENIED THE EXTENSION, AND APPARENTLY PUSHED FOR COURT APPOINTED

7  ATTORNEY, PER CHRISTOPHER BLAKE WAS APPOINTED VIA APPELLATE DEFENDER'S OFFICE MARCH 9, 07

8  • CHRISTOPHER BLAKE FILED OPENING BRIEFS ON OR ABOUT JUNE 28, 07, THROUGH OUT PLAINTIFF WAS

9  INSISTING NO UNNECESSARY DELAYS, THREE EXTENSIONS WERE FILED

10 • RESPONDENT'S BRIEF WERE DUE AUGUST 1, 07, AFTER 2 EXTENSIONS FILED, THEIR BRIEF WAS DUE

11 OCTOBER 1, 07,

12 • CONTACTED BLAKE, OCTOBER 12, 07, AS OF THAT DAY RESPONDENT HAD NOT FILED THEIR BRIEFS OR

13 REQUESTED AN EXTENSION, AND COURT OF APPEALS HAD NOTIFIED THEM FOR A GRACE PERIOD OF 30

14 DAYS, CHRISTOPHER BLAKE IS AGAIN INSISTING OR ATTEMPTING TO GET THE PLAINTIFF TO EXPECT

15 THE DECISION TO BE AFTER MY EXPECTED RELEASE DATE, WHICH IS APRIL 26, 08, BUT I HAVE RESEARCH THE

16 PROCEDURE'S AND AFTER BRIEFS ARE FILED, THE ONLY PROCEEDINGS ARE EITHER REPLY BRIEFS, ORAL ARGUMENTS

17 IT'S NOT REASONABLE, UNLESS THEIR IS MORE DELAY TACTICS, PER BLAKE THIS IS CUSTOMARY, I BELIEVE IT

18 TRUE, AND WOULD LOOK FOR MORE SOLID PROOF, BUT, FIND THIS ACTION MUST COMMENCE AND IS BARRED WITH

19 TIME RESTRAINS

20              HECK RULE IMPOSSIBLE

21 WITH § 1983 ACTION GOVERNED BY STATE STATUE, AND CAL. CIV CODE 340.3 CIVIL ACTIONS FOR

22 DAMAGES MUST COMMENCED WITHIN A YEAR OF PRONOUNCEMENT OF JUDGMENT, WHICH WILL EXPIRE 10-30-07

23 AND WITH THE DELAY CUSTOM, REGARDLESS PLAINTIFF WILL NOT HAVE A FORUM FOR DAMAGES AND WILL NOT

24 BE ABLE TO REDRESS IN STATE PROCEEDINGS, SEE "SIMPSON V. ROWAN , 73 F.3d 134 (7th CIR 1995)"

25 THE PLAINTIFF CONTENDS THE HECK RULE IS NOT PRECEDENT AND HAS NO EFFECT, AS OF THE

26 STAGE OF THE APPEAL, PER SE A FAVORABLE TERMINATION OF THE APPEAL, THE PLAINTIFF STILL WOULD NOT

27 BE ABLE TO SEEK MONETARY DAMAGES FOR IT WOULD BE TIME BARRED, AND THE RIGHT TO RELIEF WILL BE NON-

28 EXISTENT, AND THE PLAINTIFF IS NOT CHALLENGING THE CONVICTION OR SENTENCE IN THIS ACTION, PER THAT

1  PROCESS IS ALREADY IN STATE COURT, AND PER CALIFORNIA LAW, THE CONFINEMENT IN STATE PRISON IS

2  NOT AUTHORIZED BY PENAL CODE / VEHICLE CODE 23152 (a), THERE FORE THE CONFINEMENT IS ALREADY

3  UNLAWFUL — AND AS IN WILLIAMS v. HEPTING, 844 F.2d 138, 144-45 (3d CIR.) (DISTRICT COURT MUST STAY

4  RATHER THAN DISMISS CLAIMS WHEN MONETARY RELIEF IS NOT AVAILABLE FROM ONGOING STATE PROCEEDING,

5  488 U.S. 851, 109 S CT 135, 102 L.Ed. 2d 107 (1988)

6      ALSO SEE SIMSON v. ROWAN, SUPRA — IN DEAKINS, THE SUPREME COURT DETERMINED THAT WHEN

7  "YOUNGER" ABSTENTION IS REQUIRED, "THE DISTRICT COURT HAS NO DISCRETION TO DISMISS RATHER THAN

8  TO STAY CLAIMS FOR MONETARY RELIEF THAT CANNOT BE REDRESSED IN THE STATE PROCEEDING

9      ALSO THE PLAINTIFF FORESEE THAT BY THE TIME THIS COURT CONSIDERS ON THIS CLAIM, THAT

10 THE APPEALS-COURT DECISION WOULD BE DECIDED, OR THE PLAINTIFF COULD BE RELEASE FROM PRISON

11 CUSTODY, AND IF PLAINTIFF IS RELEASE FROM PRISON CUSTODY, THE PLAINTIFF SHOULD BE ALLOWED

12 TO PROCEED ON THE §1983 ACTION FOR I ONLY SEEK MONETARY DAMAGES, AND NO FORUM WOULD

13 BE AVAILABLE, SEE "DIBLE v. SCHOLL 410 F.SUPP. 2d 807 (N.D. IOWA 2006) AS §1983 ACTION

14 COULD PROCEED WHEN SEEKING MONETARY DAMAGES, AND AS OF OCTOBER 26, 2007, THE PLAINTIFF

15 WITH ACTUAL AND CREDITED TIME WOULD HAVE, RATHER WILL HAVE SERVED 3 YEARS OF THE SENTENCE

16 AND HAVE 6 MONTHS ACTUAL TIME LEFT, ALL FOR A VIOLATION OF A MISDEMEANOR. THUS THE §1983

17 ACTION MUST BE ALLOWED TO PROCEED, AND IF APPROPRIATE A STAY PENDING STATE PROCEEDING

18 TERMINATION

19                              ARGUMENT

20                                 III

21                              COUNT 1

22     §1983 ACTION DID NOT ACCRUE WHILE CHARGE PENDING, UNDER CALIFORNIA LAW, CAL. GOV

23 CODE § 945.3, A CIVIL ACTION AGAINST A PEACE OFFICER IS PROHIBITED WHILE CHARGES ARE

24 STILL PENDING, THERE FORE § 1983 ACTION DID NOT ACCRUE IN CASE # SCD195342 UNTIL OCTOBER

25 30, 2006, WHEN CHARGE VEHICLE CODE 23152 (a) WAS PRONOUNCED

26                           PROBABLE CAUSE

27 OFFICER GONZALEZ NEEDED MORE THAN REASONABLE SUSPICION TO ARREST PLAINTIFF ON

28

1  DECEMBER 2, 2005, WHICH HE DID NOT HAVE, AS IN BARLOW V. GROUND, 943 F. 2d 1132 (9TH CIR 1991)

2  ARREST 63. 4 (3) - TO ARREST A PERSON, POLICE NEED MORE THAN REASONABLE SUSPICION; THEY MUST

3  HAVE PROBABLE CAUSE, U.S.C.A CONST. AMEND 4, THERE WAS NO PROBABLE CAUSE OF AN INDIVIDUAL,

4  WHO COMMITTED NO TRAFFIC VIOLATIONS, AND WAS REAR-ENDED BY ANOTHER INDIVIDUAL, THE PROBABLE

5  CAUSE WAS ON THE INDIVIDUAL AT FAULT, THE CONCLUSIVE FINDING THAT THE CA PLAINTIFF WAS NOT

6  TO BE PRESUMED TO BE DRIVING OVER THE LIMIT, UNDER THE INFLUENCE, DEEMED THE FIELD SOBRIETY

7  TEST IRRELEVANT, AND TO SAY HE COULD HAVE MADE AN ARREST FOR CALIFORNIA PENAL CODE 647,

8  DRUNK IN PUBLIC, HE DID NOT EVEN AFTER THE ACQUITTAL OF VC 23152 (b), HE HAD AMPLE

9  OPPORTUNITY. THIS RELEVANT AS TO A MALICIOUS ACT, PER THE JURY NEVER KNEW OF THE ACQUITTAL

10  AND WHO IS TO SAY THE JUDGE KNEW THE FACTS OF PROBABLE CAUSE, PER THE SECOND TRIAL PROCEEDED

11  AS THOUGH THE FIRST TRIAL NEVER EXISTED, AS IN COUNT 2 OF THIS CLAIM. OFFICER GONZALEZ IN

12  THE SECOND TRIAL STILL INSISTED AND TESTIFIED TO A PROBABLE CAUSE FOR DRIVING UNDER THE

13  INFLUENCE, FOR 647 WAS NEVER ENTERTAINED, ALSO THAT AFFECT WOULD HAVE THE COURT SYSTEM

14  BACKED UP, WITH OFFICER'S CLAIMING AFTER THE FACT, I COULD HAVE DONE THIS OR THAT, BUT THIS

15  WAS A MALICIOUS ACT, THERE WAS NO PROBABLE CAUSE TO CHARGE THE CRIME IN THE FIRST PLACE,

16  AS IN HARTMAN V. MOORE (U.S. 2006). IN AN ACTION FOR MALICIOUS PROSECUTION AFTER AN ACQUITTAL,

17  A PLAINTIFF MUST SHOW THAT THE CRIMINAL ACTION WAS BEGUN WITHOUT PROBABLE CAUSE FOR

18  CHARGING THE CRIME IN THE FIRST PLACE.

19  OFFICER GONZALEZ SHIELD FOR QUALIFIED IMMUNITY IS LOST, WHEN HE VIOLATED CONSTITUTIONALS

20  RIGHTS WELL ESTABLISH, FOR FABRICATING EVIDENCE TO MISLEAD A MAGISTRATE/JUDGE OR JURY, FOR

21  ENHANCEMENT OF PROBABLE CAUSE, DUE PROCESS, DEPRIVATION OF LIBERTY, UNREASONABLE SEIZURES. SEE

22  ZAMORA V. CITY OF BELEN, 383 F. SUPP. 2d 1315 (D. N. M. 2005) CIVIL RIGHTS 1375, WHERE AN

23  OFFICER KNOWS, OR HAS REASON TO KNOW, THAT HE HAS MATERIALLY MISLED A MAGISTRATE ON THE BASIS

24  FOR A FINDING OF PROBABLE CAUSE, AS WHERE A MATERIAL OMISSION IS INTENDED TO ENHANCE THE

25  CONTENTS OF THE AFFIDAVIT AS SUPPORT FOR A CONCLUSION OF PROBABLE CAUSE. SHIELD OF QUALIFIED

26  IMMUNITY IS LOST UNDER § 1983

27              MALICIOUS PROSECUTION

28  1. OFFICER GONZALEZ, EVEN AFTER THE ACQUITTAL, 2. KNOWING WITHOUT PROBABLE CAUSE,

PAGE 7

1   PURSUED TO A LEGAL TERMINATION OF A CONVICTION FOR DUI, AND EVENTUAL UNAUTHORIZED CONFINEMENT

2   IN STATE PRISONS FOR VEHICLE CODE 23152 (A), ITSELF DOES NOT AUTHORIZE IMPRISONMENT IN STATE

3   PRISON S, OFFICER GONZALEZ WAS APPOINTED THE PEOPLE'S INVESTIGATOR, THEREFORE A BIAS OBLIGATION

4   HE FABRICATED EVIDENCE, ADMITTED TO ERRORS, CHANGE UNDER OATH STATEMENTS, HIS MOTIVES WERE

5   INTENTIONAL, AND COLLABORATED WITH PROSECUTION'S ACTIONS IN THIS CLAIM, AFTER THE ACQUITTAL

6   REASONABLY THEIR WAS NO REASON TO CONTINUE FOR THEIR WAS NO PROOF A CRIME OCCURRED WITHOUT

7   MALICIOUS ACTIVITY, AS IN " MONTGOMERY V. DESIMONE (1998) 159 F. 3d 120, CIVIL RIGHTS 133,

8   COURT OF APPEALS HELD THAT MUNICIPAL JUDGE FINDING OF PROBABLE CAUSE FOR ARREST DID NOT AUTOMATICALLY

9   PREVENT ARRESTEE FROM ESTABLISH ABSENCE OF PROBABLE CAUSE FOR PURPOSE OF MALICIOUS PROSECUTION

10  CLAIM " ALSO FOR OFFICER GONZALEZ'S MOTIVE WAS EVIL, KNOWING HIS ACTIONS WERE TO LEAD TO

11  CONVICTION AND SUBSEQUENT INCARCERATION, AS IN (( GONZALEZ V. BRATTON, 147 F. SUPP. 2d 180,

12  ( S.D.N.Y.2001) EVEN IF AN INITIAL ARREST IS VALID A CLAIM FOR FALSE IMPRISONMENT A 4th AMENDMENT

13  INTEREST MAY BE IMPLICATED, IF A PLAINTIFF IS THERE AFTER UNREASONABLY DETAINED, UNLAWFULLY

14  IMPRISONED HIM WITHOUT PROBABLE CAUSE IN VIOLATION OF RIGHT AGAINST UNREASONABLE SEIZURES)."

15  WHICH IN THIS CASE PLAINTIFF HAS DILIGENTLY BEEN SEEKING IMMEDIATE RELEASE UPON APPEAL FOR

16  UNAUTHORIZED SENTENCE BY PENAL CODE VIA PETITION'S MOTIONS, SINCE MAY OF 2007, ALSO GONZALEZ V.

17  BRATTON, SUPRA - CIVIL RIGHTS 275 (1) PUNITIVE DAMAGES MAY BE AWARDED IN 1983 ACTION WHEN

18  A DEFENDANTS CONDUCT IS SHOWN TO BE MOTIVATED BY EVIL MOTIVE OR INTENT, OR WHEN IT

19  INVOLVES RECKLESS OR CALLOUS INDIFFERENCE TO THE FEDERALLY PROTECTED RIGHTS OF OTHERS, )

20  AS IN THIS CASE    SEE DEAN V. EARLE (W. D. KY. 1994) 866 F. SUPP

21     COMPENSATORY DAMAGE'S FOR MALICIOUS PROSECUTION IS ASSERTED, AFTER THE ACQUITTAL OFFICER

22  GONZALEZ HAD NO REASONABLE GROUNDS FOR BELIEVING THAT A DUI COMPLAINT WAS TRUE, SEE

23  CENTERS V. DOLLAR MARKETS ( CAL. 1945) 222 P. 2d 136

24     THE PLAINTIFF ASSERTS DAMAGE'S "MONETARY" UNDER CAL CIVIL CODE §3333, A CHAIN

25  OF CAUSATION, IF THE ARREST NOT BEEN MADE AND MALICIOUS ACTION, THE FALSE IMPRISONMENT,

26  AUTHORIZED OR UNAUTHORIZED WOULD NOT HAVE OCCURRED, SEE GILL V. EPSTEIN 44 CAL. RPTR. 45

27  (1965), CRUEL AND UNUSUAL PUNISHMENT, GENERAL RULE OF DAMAGES IN CASES OF FALSE IMPRISONMENT, THAT THE

28  PERSON CAUSING A WRONGFUL IMPRISONMENT IS LIABLE FOR ALL NATURAL AND PROBABLE CONSEQUENCES

PAGE 8

1    ARGUMENT

2    IV

3    IF A JUDGE DEALS WITH AN INDIVIDUAL IN A JUDICIAL CAPACITY, JUDGE IS LIABLE FOR MONEY DAMAGES

4    IN A § 1983, ACTION ONLY IF JUDGE ACTS IN CLEAR ABSENCE OF ALL JURISDICTION

5    86 F.3d 1080 SIMMONS V. CONGER 1996,

6       JUDICIAL IMMUNITY IS NOT A BAR IN A § 1983 SUIT TO PROSPECTIVE INJUNCTIONS, INJUNCTIVE

7    RELIEF AGAINST A JUDICIAL OFFICER ACTING IN HIS/HER JUDICIAL CAPACITY

8    • EMOTIONAL DISTRESS - THE INJURY MAY BE PURELY MENTAL OR EMOTIONAL - CONCURRENT PHYSICAL

9    INJURY NEED NOT OCCUR " JAMES V. BOARD OF SCHOOL COM'RS OF MOBILE COUNTY, ALA. D.C. ALA. 1979,

10   F.SUPP. 705 42 1257

11   JUDGE ALBERT HARUTUNIAN III LOST HIS ABSOLUTE IMMUNITY, WHEN HE VIOLATED CIVIL RIGHTS ACT § 1981

12   EQUAL RIGHTS BY DOING SO, CAN BE HELD RESPONSIBLE FOR U.S. CONSTITUTION VIOLATIONS FOR THE

13   PURPOSE OF SEEKING MONETARY DAMAGES

14   • JUDGE HARUTUNIAN VIOLATED DUE PROCESS, WHEN HE DENIED EVIDENCE FAVORABLE TO THE PLAINTIFF,

15   EVIDENCE IS FAVORABLE, IF IT EITHER HELPS THE DEFENDANT OR HURTS THE PROSECUTION, SEE " BRADY V.

16   MARYLAND (1963) 379 US 83 , JUDGE HARUTUNIAN VIOLATED DUE PROCESS OF 14th WHEN HE SENTENCE

17   THE PLAINTIFF TO A SENTENCE NOT AUTHORIZED BY PENAL CODE/VEHICLE CODE, AS IN DEAN V. EARLE

18   (W.D. KY. 1994) 866 F.SUPP.- CIVIL RIGHTS 114: FALSE IMPRISONMENT IS ESTABLISH WHEN IMPRISONMENT WAS

19   WITHOUT LEGAL AUTHORITY, THE MAXIMUM PERIOD OF A MISDEMEANOR IS IN COUNTY JAIL AND MAY NOT

20   BE COMMITTED FOR A PERIOD IN EXCESS OF A YEAR CAL. JUR. 30 § 48

21   • THE PLAINTIFF WAS SENTENCED WITH A STATEMENT OF ABBRAVATION PRIOR CONVICTION THAT WERE FABRICATED

22   UNTRUE, SEE UNITED STATES V. TUCKER 92 S. CT 589 (1972), TOWNSEND V. BURKE 334 US 736,

23   68 S. CT 1252 92 L.Ed 1690

24   • JUDGE HARUTUNIAN HAS REFUSED TO CORRECT AN UNAUTHORIZED SENTENCE BY PENAL CODE/VEHICLE CODE

25   SINCE MAY OR APRIL OF 2007 VIA PETITION AND MOTION TO VACATE A VOID JUDGMENT THEREFORE

26   SUBJECTING PLAINTIFF TO CRUEL AND USU UNUSUAL PUNISHMENT

27   • UNDER CAL GOVERNMENT CODE § 820 LIABILITY FOR INJURIES, A PUBLIC EMPLOYEE IS LIABLE FOR

28   INJURY CAUSED BY HIS ACT OR OMISSION TO THE SAME EXTENT AS A PRIVATE PERSON, SEE CIRCUIT COURT OF

     APPEALS, SECOND CIRCUIT, KNICKERBOCKER STEAMBOAT CO. V. CUSACK NO. 100 (1995)

     PAGE 9

1   GOVERNMENT CODE § 822.2

2   A PUBLIC EMPLOYEE IS LIABLE FOR AN INJURY, IF HE IS GUILTY OF ACTUAL FRAUD, CORRUPTION OR ACTUAL

3   MALICE

4   CIVIL CODE § 3333, BREACH OF OBLIGATION OTHER THAN CONTRACT, THE MEASURE OF DAMAGES IS

5   THE AMOUNT WHICH WILL COMPENSATE FOR ALL THE DETRIMENT PROXIMATELY CAUSED, WHETHER IT COULD HAVE

6   BEEN ANTICIPATED OR NOT, CIVIL CODE PERSONAL RIGHTS § 52 DENIAL OF CIVIL RIGHTS OR

7   DISCRIMINATION ) DAMAGES CIVIL BY PEOPLE OR PERSON AGGRIEVED; INTERVENTION · UNLAWFUL PRACTICE

8   COMPLAINT (A) WHOEVER DENIES, AIDS OR INCITES A DENIAL, OR MAKES ANY DISCRIMINATION OR

9   DISTINCTION IS LIABLE (D) WHENEVER AN ACTION HAS BEEN COMMENCED IN ANY COURT SEEKING

10   A RELIEF FROM DENIAL OF EQUAL PROTECTION OF THE LAWS UNDER 14 AMEND TO THE CONSTITUTION

11   OF THE UNITED STATES ON ACCOUNT OF RACE, COLOR, RELIGION

12                      ARGUMENT

13                        V

14            WHEELER MOTION - BATSON VIOLATION

15   PLAINTIFF ASSERTS DISTRICT ATTORNEY DAN LINK, USAGE OF PEREMPTORY CHALLENGE TO SYSTEMATICALLY

16   EXCLUDE COGNIZABLE GROUP "AFRICAN AMERICAN" BLACK" DISTINGUISHED BY RACIAL AND ETHNIC GROUPS

17   VIOLATED THE 6th AMENDMENT OF THE CONSTITUTION - RIGHT TO AN IMPARTIAL JURY, SEE APODACA V. OREGON

18   U.S. OR, 1972, 92 S. CT. 1628, 406 U.S. 404, 32 L.Ed - 2d 184, ALSO PEOPLE V. WHEELER, 1978,

19   BATSON V. KENTUCKY, 476 U.S. 79 (1986), ARIZONA V. FULMINANTE, 499 US 279 (1991), MILLER-EL V. COCKREL

20   537 U.S. 322 (2003)

21               BRADY VIOLATION

22   SUPPRESSION BY DISTRICT ATTORNEY DAN LINK "PROSECUTION" OF EVIDENCE FAVORABLE TO DEFENDANT UPON

23   WHICH DEFENSE COUNSEL WAS DENIED, VIOLATES DUE PROCESS, WHERE EVIDENCE WAS MATERIAL TO GUILT

24   SEE KYLES V. WHITLEY (U.S. LA 1995) 115 S.CT 1555, ZAMORA V. CITY OF BELEN 383 F. SUPP. 2d 1315

25   (D.N.M 2005), ALSO SEE KYLES V. WHITLEY, 1995 U.S, 115 S. CT 1555, BRADY V. MARYLAND (1963) U.S.

26           COLLATERAL ESTOPPEL · DOUBLE JEOPARDY

27   PLAINTIFF ASSERTS HE HAD A RIGHT TO CLAIM THE ACQUITTAL FROM THE PREVIOUS TRIAL, AND WHEN

28   DISTRICT ATTORNEY DAN LINK, PRESENTED EVIDENCE TO IMPLIED THE PLAINTIFF WAS DRIVING OVER THE

1  LIMIT, AND TO STATE THE PLAINTIFF KNOWS HE WAS DRIVING OVER THE LIMIT, AND THEN THE JURY

2  INSTRUCTIONS TO PRESUME AND CONCLUDE THE PLAINTIFF'S BLOOD ALCOHOL WAS OVER THE LIMIT, AND

3  WAS UNDER THE INFLUENCE OF ALCOHOL AT THE TIME OF THE ALLEGED OFFENSE WAS A BAR, PER

4  THE PLAINTIFF WAS ACQUITTED OF THAT CHARGE IN A PREVIOUS TRIAL, PER THE ISSUE WAS LITIGATED IN

5  THE FORMER PROCEEDING, IT WAS DECIDED AND THE FORMER PROCEEDING WAS FINAL AND ON THE MERITS,

6  AND THE PLAINTIFF WAS THE SAME PARTY IN THE SAME ACTION

7      AS IN AYALA V. KC ENVIRONMENTAL HEALTH, 426 F. SUPP. 2d 1070 (E.D. CAL 2006) COLLATERAL

8  ESTOPPEL APPLIES IN § 1983, AND UNITED STATE V. DE ANGELO 138 F. 2d 466 (AH3) A RULE OF EVIDENCE

9  IS RECOGNIZED WHICH PERMITS ACCUSED TO CLAIM FINALTY WITH RESPECT TO A FACT OR GROUP OF FACTS

10  PREVIOUSLY DETERMINED IN HIS FAVOR UPON A PREVIOUS TRIAL, ALSO SEE "GUTIERREZ V. SUPERIOR COURT,

11  29 CAL. RPTR. 2d 376 (CAL. APP 2 DIST 1994)

12              FABRICATING EVIDENCE

13  DISTRICT ATTORNEY DAN LINK WAS ACTING AS A INVESTIGATOR IN FABRICATING EVIDENCE NOT A PROSECUTORIAL

14  ACT FOR, DID NOT PRODUCE ANY DOCUMENTS TO SUPPORT THE NUMEROUS CONVICTIONS FOR HIS

15  STATEMENT OF AGGRAVATION, STATEMENTS CONTAINED IN A UNSWORN PROBATION REPORT IS NOT PROOF,

16  HE MADE A ASSUMPTION THAT PLAINTIFF IN 1993 WAS IN A PRISON CAMP, HE MADE A ASSUMPTION THAT THE

17  1993 CONVICTION WAS A FELONY, HE CREATED 2 ARIZONA CONVICTIONS FOR DUI, FROM WHAT SOURCE,

18  DON'T KNOW, PER THEY DON'T EXIST, HE PRESENTED A 1998 CASE AS A FELONY CONVICTION, FROM

19  A MISDEMEANOR THAT WAS DISMISS, THERE FORE HE WAS SEARCHING AND HIS INVESTIGATIONS WERE

20  WRONG, HE DID NOT PROVIDE NO SUCH PROVEN FACTS, HE WAS ACTING IN A INVESTIGATORY ROLE

21  AS NOT PROTECTED BY IMMUNITY, AND THIS WAS NOT MISTAKENLY DONE IT WAS INTENTIONAL,

22      ALSO HIS ACTIONS WERE OF A COMPLAINING WITNESS, BECAUSE HE DID NOT RELY ON FACTS

23  SEE "MILSTEIN V. COOLEY (C.A9 CAL. 2001) 257 F.3d 1004 (9th CIR 2001,        ALSO DAN

24  LINK WAS ASSERTING PERSONAL KNOWLEDGE OF THE 1993 PRISON CAMP, AND AGAINS CAL RULE OF

25  PROFESSIONAL CONDUCT 5-200 (E)    AS IN CRUZ V. KAUAI COUNTY CC. A9 (HAWAII) 2002, MILSTEIN,

26  SUPRA IT IS A 4th AMENDMENT RIGHT NOT TO HAVE A PROSECUTOR PERSONALLY ATTEST TO A FALSE STATEMENT

27  OF A BIASED SOURCE WITH NO INVESTIGATION OF THE STATEMENTS TRUTH OR FALSITY

28      AS IN KALINA V. FLETCHER 522 U.S. AT 131, 118 S.CT 502 (QUOTING U.S. CONSTITUTIONAL AMENDMENT

PAGE 11

1. IV, ABSOLUTE IMMUNITY IS NOT PROTECTED WHEN THE PROSECUTOR PERSONALLY ATTESTED TO THE EQUIVALENT

2. OF AN AFFIDAVIT TO THE TRUTH, DECLARING TO BE CORRECT A CERTIFICATION, PETITIONER PERFORMED AN

3. ACT THAT ANY COMPETENT WITNESS MIGHT HAVE PERFORMED, AND THUS WAS NOT ENTITLED TO ABSOLUTE

4. IMMUNITY, ACCORD MORREY v. WALKER 175 F. 3d 756, 760 (9th CIR 1999) EVEN WITH, RATHER

5. WHEN THE PERSON WHO MAKES THE CONSTITUTIONALLY REQUIRED "OATH OR AFFIRMATION IS A LAWYER, THE

6. ONLY FUNCTION THAT HE/SHE PERFORMED IN GIVEN SWORN TESTIMONY IS THAT OF A WITNESS

7.    AS IN CASE AT HAND DAN LINK AFFIRMING THAT THE ARIZONA CONVICTIONS, 1993 AND 1988

8. FELONY CONVICTION IN HIS NON-EXISTENCE STATEMENT OF AGGRAVATION WERE TRUE, WHICH THEY WERE

9. NOT, HE WAS A WITNESS AND THEREFORE NOT PROTECTED BY ABSOLUTE IMMUNITY

10.    ATTORNEYS MAY NOT SEEK TO MISLEAD A JUDGE OR JURY BY AN ARTIFICE OR A FALSE STATEMENT

11. OF FACT OR LAW. CAL RULES OF PROF CONDUCT 5-200 (B)

12.    AS IN BISHOP PAIUTE TRIBE v. COUNTY OF INYO, 275 F. 3d 893 (9th CIR. 2002) UNDER CALIFORNIA

13. LAW, ELECTED COUNTY DISTRICT ATTORNEY WAS ENGAGING IN INVESTIGATORY, NOT PROSECUTORIAL ACT AND

14. THUS WAS ACTING AS COUNTY OFFICER, RATHER THAN STATE OFFICER AND THUS COUNTY COULD BE HELD

15. LIABLE UNDER 1983

16.    PROSECUTOR IS NOT IMMUNE FOR ACTIVITIES THAT ARE ADMINISTRATIVE DUTIES OR INVESTIGATIVE

17. FUNCTIONS THAT DO NOT RELATE TO PROSECUTOR'S PREPARATION FOR INITIATION OF PROSECUTIONS, AND FOR

18. THESE ACTIVITIES PROSECUTOR MAY ONLY CLAIM QUALIFIED IMMUNITY, SEE SADLOCK v. WHITLEY 971 F. SUPP (1997

19.    MUNICIPAL LIABILITY MAY BE IMPOSED UNDER § 1983 FOR A SINGLE DECISION BY MUNICIPAL

20. POLICY MAKER UNDER APPROPRIATE CIRCUMSTANCES see PEMBAUR v. CITY OF CINCINNATI (U.S. OHIO 1986)

21. 106 S. CT 1292    THE PLAINTIFF WAS SENTENCED ON THE BASIS OF ASSUMPTIONS CONCERNING

22. HIS CRIMINAL RECORD, WHICH WERE MATERIALLY UNTRUE see TOWNSEND v. BURKE, SUPRA, SUCH A RESULT

23. WHETHER CAUSED BY CARELESSNESS OR DESIGN IS INCONSISTENT WITH DUE PROCESS

24. ZAHREY v. COFFEY 221 F. 3d 342 (2nd CIR. 2000)

25. PEARE v. LOCKETT, 195 CAL. RPTR. 119 (CAL. APP 1 DIST. 1983) COURT PROBATION, AND A STATEMENT

26. APPELLANT WAS ON FELONY PROBATION WAS ERRONEOUS

27.        MALICIOUS PROSECUTION

28. AFTER THE ACQUITTAL, THERE WAS NO PROBABLE CAUSE FOR CHARGING V.C. 2315 (B) see

PAGE 12

1  HARTMAN V. MOORE (U.S. 2006)

2                    COUNTY OFFICERS

3  AS IN BISHOP PAIUTE TRIBE v. COUNTY OF INYO, 275 F.3d 873 (9th CIR 2002) UNDER THE CALIFORNIA

4  CONSTITUTION, DISTRICT ATTORNEYS IN CALIFORNIA ARE DEFINED IN ARTICLE XI OF THE CONSTITUTION ENTITLED

5  "LOCAL GOVERNMENT", ARTICLE XI SECTION 4 OF THE CALIFORNIA CONSTITUTION PROVIDES THAT "COUNTY

6  CHARTERS "SHALL PROVIDE FOR AN ELECTED DISTRICT ATTORNEY

7  * CAL. GOVERNMENT CODE, DISTRICT ATTORNEYS CAN BE REMOVED FROM OFFICE FOLLOWING THE ACCUSATION

8  OF THE COUNTY GRAND JURY

9  * CALIFORNIA LAW EXPLICITLY STATES THAT THE DISTRICT ATTORNEY IS A COUNTY OFFICER, CAL. GOV. CODE § 24000(a)

10  § 24000(b), THE COUNTY BOARD OF SUPERVISORS SET THE SALARIES OF THE DISTRICT ATTORNEY, CAL.

11  GOV. CODE § 25300, DISTRICT ATTORNEY MUST BE REGISTERED TO VOTE IN THEIR RESPECTIVE COUNTIES

12  CAL GOV CODE § 24001

13  * THE COUNTY HAS THE AUTHORITY TO SUPERVISE THE DISTRICT ATTORNEY'S CONDUCT AND USE OF PUBLIC FUNDS

14  CAL. GOV. CODE § 25303

15  * SUPERVISION BY THE ATTORNEY GENERAL DOES NOT ALTER THE STATUS OF DISTRICT ATTORNEY AS ELECTED

16  COUNTY OFFICIALS." BREWSTER V. COUNTY OF SHASTA 112 F.SUPP. 2d 1185, 1190 (E.D. CAL 2000)

17  SEE ALSO PEOPLE V. BROPHY, 120 P. 2d 946, 953 (CAL. DIST. CT APP 1942) (NOTHING THAT CONSTITUTIONAL

18  OVERSIGHT DOES NOT CONTEMPLATE ABSOLUTE CONTROL AND DIRECTED OF SUCH OFFICIALS

19  * UNDER CALIFORNIA CONSTITUTION. ART XI SECTION 4 COUNTY CHARTERS SHALL PROVIDE FOR (A)

20  A GOVERNING BODY OF 5 OR MORE, ELECTED (I) BY DISTRICT, (C) AN ELECTED SHERIFF, AN

21  ELECTED DISTRICT ATTORNEY, (E) THE POWERS AND DUTIES OF GOVERNING BODIES, THEREFORE DISTRICT

22  ATTORNEY IS COUNTY OFFICER WITH FINAL POLICY MAKING AUTHORITY

23

24      I CRAIG SMITH DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE

25  STATE OF CALIFORNIA THAT THE ABOVE STATEMENTS IS TRUE AND CORRECT, EXECUTED AT THE

26  RICHARD J. DONOVAN CORRECTIONAL FACILITY, SAN DIEGO, CALIFORNIA ON THE 22 DAY OF

27  OCTOBER, 2007

28

# EXHIBIT COVER PAGE

CASE # 163775

1993

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

1. 1993 MISDEMEANOR CONVICTION, JUNE 1, 1993, IMPASSE IS DECLARED - EXHIBIT 93.2

2. 1993 CHANGE OF PLEA, NO REFERRAL TO PROBATION, OR INVESTIGATION AS REQUIRED FOR A FELONY CONVICTION, JUNE 8, 1993 - EXHIBIT 93.4

3. 1993 MINUTES SENTENCING, PROBATION OFFICER, WAIVED "COURT PROBATION - CONDITIONAL SENTENCE" NO WEAPON RESTRICTION AS REQUIRED FOR FELONS,

## NUMBER OF PAGES TO THIS EXHIBIT: ___4___ PAGES.

FORMAL FELONY PROBATION CHECKED IS ERRONEOUS, PER FORMAL PROBATION IS MEASURED BY THE EXISTENCE OF SUPERVISED PROBATION EXHIBIT SC 1993

4. RELIEF OF CONDITIONAL SENTENCE P.C. 1203.4A, IMPEACH WITH PRIOR FELONY CONVICTION "NOT APPLICABLE" EXHIBIT 93.6

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

93.2      SUPERIOR COURT OF CALIFORNIA – COUNTY OF SANTA CLARA
COUNTY CLERK'S DEPARTMENT – CRIMINAL DIVISION

DATE: ___JUN 1 - 1993_____

HON. _KEVIN J. MURPHY_____      Clerk: ___BETTY HAWKINS_____

Reporter: SHARON STUGEN / /Not reported   Deputy: _MIKE MC GEE_____

THE PEOPLE OF THE STATE OF CALIFORNIA,
                        Plaintiff,

_____vs_____ _Craig Smith_____      NO. _163775_

_____
                  Defendant(s).

Defendant is/is not present, his counsel, _C. Deeetz_____
_____,is/is not present, and Deputy D. A. _M Cuffy_____
is present, this being the time fixed for pre-trial hearing.

   WHEREUPON, THE COURT ORDERS, The following, pursuant to stipulation/
on Motion of the_____

[X] The matter is pre-tried and an impasse is declared.

[ ] Trial Date to remain as previously set on:_____

[ ] Trial Date is Cont'd. to:_____ [ ] Deft. waives time.

[ ] Pre-Trial Cont'd. to:_____

[ ] Trial Date of:_____ is vacated.

[ ] Matter is Placed Off Calendar.

[ ] B/W for Failure to Appear, Bail $ _____ [ ] C. R. Revoked

[ ] Bail Forfeiture Stayed & Cont'd. to:_____

[ ] Matter placed on After Arraign. Calendar _____ at P.M.
    for Hearing on a Motion to Reset _____

[ ] STANDBY FOR TRIAL _____

[ ] _____

[ ] _____

[ ] _____

[ ] _____

[ ] _____

(93.4)

5.J.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA   CRIMINAL MINUTES, CHANGE OF PLEA

Case No _163775_  PEOPLE V. _Craig Smith_

Date: _6-8-93_

Honorable _Daniel E. (Creed)_     Clerk _(      )_

Reporter _(Cathy Quisela)_     Sheriff _(      )_

[X] Conditional Plea _(y/n)_;

_Lives in England after serving remotely_

_Christine Thureson_          _Chill Batty, PD_
Deputy District Attorney          Counsel for Defendant

CHARGES:  _ct 1 - 23152 (A) CVC & 3gn (F)_
          _ct 2 - 23152 (B) CVC & 3gn (F)_
          _ct 3 - 14601.2 CVC (misd) & 1gn._
          _ct 4 - 14601.1 CVC & 3gn (MISD)_

Matter regularly before the Court this date, counsel and defendant being present.

_Hause Rights Ad. no open; Adj. 3 yr Paisle;_
_Fg-Motival hours in Felon Transcript._

After examination and permission by the Court, defendant's plea of Not Guilty is withdrawn, and

defendant enters a plea of ~~Guilty~~ _No Contest ct 2 ; ct 3_

_cts 1 & 4 Dismissed_
             _referral_                                    _waved_
WHEREUPON, the ~~matter is referred~~ to the Adult Probation Officer for investigation and is ~~set~~
_reviewed )_  _6-8-93_     , in [    ] Master Sentencing Calendar,  OR
~~for hearing on~~

Courtroom _24_ , at ~~9:~~ _1:30_ .m. _Creed )_   [    ] Time waived for sentencing

==================================================================================

ARMED ALLEGATION   [    ] Admitted   [    ] Denied   [    ] Dismissed

DEGREE             [    ] First   [    ] Second   [    ] Not Fixed   [    ] Hearing_____

PRIORS   _____   [X] Admitted   [    ] Denied   [    ] Mute   [    ] Stricken

         [    ] Hearing pending

_ct 3gn 8-4-91_  Dates of priors _ct2. 8-19-90 ; 11-20-90 ; 8-4-91 ;_

AGENCY _431.3_ _____          CUSTODY STATUS _(x )_

CO-DEFENDANTS  (Including dispositions)_____

_____

_____

_____

(®) 5519 REV 8/77

SC 1993

93-4

# OTHER SENTENCE CHOICE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
BRANCH **HALL OF JUSTICE**

COURT I.D. 4|3| | | |

PEOPLE OF THE STATE OF CALIFORNIA VERSUS
DEFENDANT: CRAIG SMITH
AKA:

[X] PRESENT
[ ] NOT PRESENT

CASE NUMBER(S)
163775 -A
-B
-C
-D
-E

REPORT OF: [ ] DEATH SENTENCE    AMENDED
[ ] INDETERMINATE SENTENCE    REPORT [ ]
[X] OTHER SENTENCE CHOICE

DATE OF HEARING (MO/DAY/YR) 06-08-93    DEPT. NO. 35    JUDGE DANIEL E. CREED    CLERK P. COOPER

REPORTER CATHY LINCOLN    COUNSEL FOR PEOPLE CHRISTINE HUDSON    COUNSEL FOR DEFENDANT CARL BEATTY, P.D.    PROBATION NO. OR PROBATION OFFICER WAIVED

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR OR DATE COMMITTED | MO | DAY | YEAR | BY JURY | COURT TRIAL | PLEA | 664 653f |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | VC | 23152(B)&3 Prs | Driv w/ 08% B.A. or more | 93 | 06 | 08 | 93 | | | X | |

2. ENHANCEMENTS (charged and found true) TIED TO SPECIFIC COUNTS...

| Count | Enhancement | Enhancement | Enhancement | Enhancement | Enhancement |
|---|---|---|---|---|---|

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS...

| Enhancement | Enhancement | Enhancement | Enhancement | Enhancement |
|---|---|---|---|---|
| Enhancement | Enhancement | Enhancement | Enhancement | Enhancement |

4. [ ] Defendant was sentenced TO DEATH on counts _____

5. [ ] Defendant was sentenced to State Prison for an indeterminate term:
A. [ ] For LIFE, or a term such as 15 or 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____
B. [ ] For LIFE WITHOUT the possibility of parole on counts _____
C. [ ] For other term prescribed by law on counts _____ (Life Terms on "A" and "B".)

6. [ ] Counts _____ are alternate felony/misdemeanors and were DEEMED MISDEMEANORS.
A term in jail [ ] was [ ] was not ordered.

7. [X] For counts 2 & 3 _____ the defendant was placed on FELONY probation.
A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
(2) [X] Imposition of sentence was suspended.
B. [X] Conditions of probation included    [X] Jail Time    [X] Fine

8. [ ] Other dispositions
A. [ ] Defendant was committed to California Youth Authority.
B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.
C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
D. [ ] Proceedings suspended, and defendant was committed as a mentally incompetent.

[X] Formal Probation [X] Granted 3 years [ ] For period co-terminous with Jail Sentence _____ [ ] Defendant committed to CYA [ ] Advised of Appeal Right
[X] County Jail 12 Mos. with credit for time served of 163 Days [ ] Consecutive/Concurrent _____ [ ] Pre-Processing date _____ M
After serving 1 mos. may complete sentence in a Residential Alcohol Program approved by Adult Probation Officer.
[ ] Jail sentence stayed until _____ at _____ M [ ] Review date _____ in Department _____
[ ] Jail sentence suspended pending completion of Commun. Altern./Elect. Monit. Prgm [ ] Perform _____ hours uncomp. commun. service work
[X] Restitution Fine $200 [ ] Drug Program Fee $ _____ [X] Alcohol Education Fee $ 50 [X] Fine $ 500 [ ] Penalty $ 850 [ ] Concurrent w/sentence at $ _____ / day
[ ] Lab Fee $ _____ [ ] Attorney Fees ordered $ _____ [ ] APO Rest. Fee $ _____ [X] Probation Cost _____ /mo [ ] other Fees: _____
[ ] _____ Counseling [X] No Alcohol/XXX/or where sold [ ] Complete Alcohol/Drug Prgm _____ [ ] Release to representative _____
[X] Submit to XXX Testing [ ] Not own/possess deadly/dangerous weapons [ ] Weapon ordered destroyed [ ] Restitution _____ [ ] Empl/Trg _____
[X] Driver's License XXX/XXX/revoked _____ term prescribed [ ] Restricted _____ [ ] Complete Multiple Offender Prgm/First Offender _____
by law
[X] OTHER ORDERS: Defendant advised that he must complete Multiple Offender Program before he can get a driver's license. Not drive without license and insurance.

Criminal Proceedings having been previously suspended [ ] Matter submitted on report of Dr. _____ [ ] Court finds Defendant [ ] a Narcotic Drug Addict
[ ] Incompetent [ ] Insane Defendant committed to [ ] California Rehabilitation Center under [ ] 3051 WI [ ] 3050 WI _____ State Hosp. [ ] 1370PC [ ] 1026PC
On Motion of the [ ] People [ ] Defendant [X] Court orders Cts. 1 & 4 _____ dismissed.

Form# 9687 Rev. 7/88

93.6                          2002 EDITION

| Statute Grant-ing Relief | Professional License | Use as Prior To Enhance Sentencing | Serve as Juror |
|---|---|---|---|
| 10. Health & S C §11361.5 (petty marijuana offenses) | No public agency to deny or revoke license once relief granted (Health & S C §11367(b)). | No. Health & S C §11361.7. | Yes. See CCP §203(a)(5). |
| 11. Welf & I C §1772 (YA parolees) | Not disqualified; limited peace officer exception. | Yes, under circumstances listed in Welf & I C §1772(b)(3); *People v Shields* (1991) 228 CA3d 1239, 279 CR 403. | Not disqualified. See CCP §203(a)(5). |

| Statute Granting Relief | Must Applicant Inform Employer of Conviction? | Impeach Criminal Defendant With Prior Felony Conviction |
|---|---|---|
| 1. Pen C §1203.4 | 2 Cal Code Regs §7287.4(d)(1)(B) prohibits employers from asking about misdemeanors dismissed under Pen C §1203.4. | Evid C §788(c). |
| 2. Pen C §1203.4a | Probably not. | Not applicable. |
| 3. Pen C §1210.1(d) | Generally no. But must disclose in peace officer and public office applications, for licenses, and for contracting with the State Lottery. | Unknown. |
| 4. Pen C §4853 (direct pardon) | Not stated. | Yes. *People v Hardwick* (1927) 204 C 582, 269 P 427. |
| 5. Pen C §§4852.01–4852.21 (pardon based on certificate of rehabilitation) | Yes. | No. Evid C §788(b). |
| 6. Welf & I C §781 (seal juvenile records) | Need not disclose. Welf & I C §781(a). | Case deemed never to have occurred. |
| 7. Pen C §851.8 (person factually innocent) | No. See Pen C §851.8(f). | No conviction. See Pen C §851.8(f). |
| 8. Pen C §§1000, 1000.5, 1001.9, 1001.31, 1001.55 (diversion) | In general, same as Pen C §1203.4; exception regarding peace officer application. | Probably not. See Pen C §1000.4. |
| 9. Welf & I C §3200 (narcotic addicts) | Has same effect as dismissal under Pen C §1203.4, discussed above. Welf & I C §3200(b). But still a drug prior. | Yes, with regard to most drug offenses. |

# EXHIBIT COVER PAGE

CASE # 205489

1998

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

1. 1998 POST-JUDGMENT DESIGNATION FROM MISDEANOR TO FELONY, IMPROPER AND ILLEGAL EXHIBIT 2000-1-09, ON 11-22-2000

2. AFTER ILLEGAL SENTENCING ON 2000-06, D.U.I. CASE # CC074566, COURT VACATED ITS POST-JUDGMENT DESIGNATION, AND DISMISS CASE # 205489, NEVER A FELONY CONVICTION, ON 3-02-2001, EXHIBIT 2001-1-26

## NUMBER OF PAGES TO THIS EXHIBIT: _____ 2 _____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
And Government Claims Board

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

pprov:d for
:e with Judicial
:uncil forms
n 1997

"Progs 1-99"
*nofill*

SUPERIOR COURT
190 WEST HEDDING S... )
SAN JOSE, CA 95110

PEOPLE VS.
CRAIG SMITH
39739        STEVENSON COMMON
FREMONT, CA 94538

JUDGE  HON. LEON P. FOX
REPORTER  D. WALLER
DEF. ATTY.  LEMPERT, DENNIS      D.A.  D. FEHDERAU
CHARGES  M(001)PC12021(A)(1)

CASE NO.  203497
                 98007280
CEN
DATE  11/22/2000  9:00 A   DEPT.
08/14/1961  CAC5935148        24

CLERK  D. SEPULVEDA        CWH046 M
HEARING ON MOTIONS
HEARING
AGENCY  SJ-04313-2860 -RAMIREZ
STATUS  D-SET -10000        TW  Y
APO  C. FAZO        SUPO: P527

**NEXT APPEARANCE DATE(S)** 1-3-01     9:00   D24   Lempert   Assigned to: _____

- [x] Defendant Present ☐ Not Present
- [x] WFA ☐ Arr'd
- [x] 977 Waiver ☐ on file ☐ Filed @ this time
- ☐ T/W ☐ TNW ☐ T/W W/D ☐ for Sent
- ☐ Pleads NG ☐ NGBRI ☐ Entered by Court
- ☐ Other _____
- ☐ Priors ☐ Alleg/Enh ☐ Admit ☐ Denied
- ☐ Stip Complaint serve as Information
- ☐ Ref/Appt Pub Def ☐ Conf Decl ☐ Conf App
- ☐ Relieved ☐ Entered
- ☐ Waives _____
- ☐ Proof Of _____

- ☐ Attorney Not Present ☐ Present
- ☐ Arr ☐ Plea ☐ ID Cnsl ☐ Prob/Sent
- ☐ Bail/OR Hrg ☐ Rect Dr Rpt ☐ Diversion
- ☐ Prelim ☐ TSET ☐ PT Conf ☐ S/B MTC
- ☐ Jury ☐ Court trial ☐ Peo/Def Waive Jury
- ☐ Advised NGBRI ☐ Doubt Decl 1368PC
- ☐ Crim Proc ☐ Susp ☐ Reinst ☐ Term
- ☐ Drs _____ ☐ Appt _____
- ☐ Subm on rept ☐ Found _____
- ☐ Ref'd _____ ☐ Max Term _____
- ☐ Committed _____

- ☐ Interp _____
- ☐ Notice Eligibility Filed Cnts _____
- ☐ Diversion ☐ Granted ☐ Denied ☐ Pay fee
- ☐ Bail ☐ Exon ☐ Forfeited Bond # _____
- ☐ Forfeiture set aside ☐ Bail Reinstated
- ☐ $ _____ costs by _____
- OR/SOR ☐ Revoked ☐ Reinstated
- ☐ B/W Set Aside ☐ Recalled ☐ Reassump Filed
- ☐ B/W Ordered; Bail _____ ☐ B/W Stayed
- [x] Hrg on Motion *by DA*
- ☐ Motion ☐ Den ☐ Granted ☐ O/C ☐ Subm

- ☐ Prelim Waived ☐ Certified to Superior Court _____ ☐ Held to answer _____

*WIC to correct ct 1 by order of*
*court to felony =*

**PLEA**
Conditions ☐ None ☐ No State Prison ☐ Include Viol/Prob  ☐ Amended on face
- ☐ Jail/Prison Term of _____
- ☐ Dismissal/Striking _____
- ☐ Advised ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Registration PC290/HS11590/PC457.1
- ☐ Waives Constit Rights ☐ Written Waiver filed ☐ PC17 Red ☐ Granted ☐ Denied ☐ Arbuckle Waiver ☐ Harvey Stip
- ☐ Pleads ☐ Guilty ☐ Nolo Contendere to charge viol & admits enhs (see below) ☐ Factual Basis Found ☐ Findings stated
- ☐ Bunnell Subm on Prelim Evid/Trans ☐ Court finds Deft
- ☐ Ref'd to Prob Dept ☐ Waives Formal Report ☐ Waives referral ☐ Probation Denied

*plea bargain (Exhibit VOI)*
☐ Future serious felony prior
*not be*
*reduced to felony)*

**PROB**
- ☐ Execution ☐ Imposition of sentence suspended for probation period
- ☐ Court, ☐ Formal Probation Granted _____ days/mos/years ☐ Prob term on release
- ☐ Report to APO & maintain contact as directed ☐ w/n 3 days ☐ upon release
- ☐ Court finds Violation/No Violation ☐ Deft Admits Violation of Probation
- ☐ Prob Reinst/Continued Original Terms & Conditions ☐ Prob Term No further Penalties
- ☐ Revoked ☐ Modified ☐ Extended to _____
- ☐ Complete Commun Altern Program ☐ Perform _____ hrs Volunteer Work
- ☐ Submit Search/Testing ☐ Educ/Voc Trg/Empl ☐ DVPO to issue ☐ Advised PC12021
- ☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed
- ☐ No contact w/victim or family/co-defts unless appr by APO ☐ No pager/port comm device
- ☐ No alco/ drugs or where sold ☐ Restitution _____ cnsl/prgm
- ☐ Complete _____
- ☐ Not drive w/o valid lic & ins ☐ license surrendered ☐ Reissue DL
- ☐ Partic in ☐ Delete ☐ Reinst ☐ 1st Offender/Mult Off Prgm ☐ Rept w/n _____
- ☐ Lic susp/rev/restr for _____ to, from, during ☐ Work ☐ Alco prgm ☐ VC
- ☐ Ignit Interlock Dev ☐ ordered _____ yrs ☐ waived Veh ☐ impound ☐ Not impounded
- ☐ Gang orders: No insignia, tattoos, assoc w/gang members, etc.  ☐ PC 290.2 (DNA TEST) Ordered ☐ PC 1202.1 (AIDS TEST) Ordered ☐ Aids Education Program
- Other _____

**FINES**
Pay to ☐ Court ☐ DOR ☐ AR Fee by _____
Count ____ $ _____ +PA $ _____
Count ____ $ _____ +PA $ _____
- ☐ Concur/Consec w/Prison/Jail @ _____ /day
- ☐ purs to HS11350(d)

| | | | |
|---|---|---|---|
| R/F | $ | ASF | $ |
| DPF | $ | CJAF | $ |
| LAB | $ | | |
| AEF | $ | PINV | $ max |
| Atty | $ | PSUP | $ /mo max |

Total Amount Due $ _____
- ☐ Ref'd to DOR to determine ability to pay
- ☐ Crt finds deft ☐ able ☐ not able to pay
- ☐ Payments granted/modified @ $ _____ /mo
Commencing _____

**CONVICTION / JAIL / PRISON**

| Count | F/M | Violation | Trm/Yrs | Enhancement | Yrs/S | Prison | County Jail |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

- ☐ See Attachment Page for additional charges        ☐ Sentence Deemed Served ☐ Ordered to report to Local Parole

PRIORS Alleged & Found True/Admitted

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

CTS = _____ act + _____ (4019) = _____ Total days

TOTAL TERM _____

VIOLATION DATE: 02/27/1998

- ☐ Advised _____ years parole ☐ Appeal rights        Total this case ☐ Consec ☐ Concur to _____
- ☐ Straight time ☐ Weekends ☐ Weekend Work ☐ PC1209 Fee Ordered/Waived ☐ EMP rec ☐ Eligible / not elig EMP/PSP/WF/CoParole
- ☐ Stay Surrender/Transp to _____ @ _____ ☐ M or sooner ☐ Pre-process _____ AM/PM
- ☐ Bal of CJ susp ☐ Release to _____        ☐ only 1 rel-PC4018.6
- ☐ Remanded into Cust ☐ No Bail Allowed ☐ Bail ☐ Set @ ☐ Increased ☐ Reduced to $ _____
- ☐ Remains released on ☐ Release @ this time on ☐ OR ☐ SOR ☐ Bail        _____ DEPUTY CLERK

**SUPERIOR COURT**
190 WEST HEDDING STREET
SAN JOSE, CA 95110

PLE VS. CRAIG SMITH
39939        STEVENSON COMMON
FREMONT, CA 94538
GE   HON. LEON P. FOX
RTER  D.WALLER          D.A. *K. STORTON*
ATTY.  HARMON
RGES  F(001)PC12021(A)(1)

CASE NO. 205489
CEN   98007280
DATE  03/02/2001  9:00 AM  DEPT. 25
08/14/1961 CAC5935148
CLERK  D.SEPULVEDA          CWH046 M
HEARING ON MOTIONS
AGENCY  SJ-04313-2860 -RAMIREZ  TW  Y
STATUS  I-SET -NBA
APO                SUPO: P527

NEXT APPEARANCE DATE(S)        *HARMON by LIANIDES*

☑ Defendant Present ☐ Not Present       ☐ Attorney Not Present ☑ Present
☐ WFA ☐ Arr'd                          ☐ Arr ☐ Plea ☐ ID Cnsl ☐ Prob/Sent
☐ 977 Waiver ☐ on file ☐ Filed @ this time  ☐ Bail/OR Hrg ☐ Rect Dr Rpt ☐ Diversion
☐ T/W ☐ TNW ☐ T/W W/D ☐ for Sent       ☐ Prelim ☐ TSET ☐ PT Conf ☐ S/B MTC
☑ Pleads NG ☐ NGBRI ☐ Entered by Court  ☐ Jury ☐ Court trial ☐ Peo/Def Waive Jury
☐ Other ___                            ☐ Advised NGBRI ☐ Doubt Decl 1368PC
☐ Priors ☐ Alleg/Enh ☐ Admit ☐ Denied  ☐ Crim Proc ☐ Susp ☐ Reinst ☐ Term
☐ Stip Complaint serve as Information    ☐ Drs _____ ☐ Appt _____
☐ Ref/Appt Pub Def ☐ Conf Decl ☐ Conf App ☐ Subm on rept ☐ Found _____
☐ _____ ☐ Relieved ☐ Entered          ☐ Ref'd _____ ☐ Max Term _____
☐ Waives _____                          ☐ Committed _____
☐ Proof Of _____

☐ Interp _____
☐ Notice Eligibility Filed Cnts _____
☐ Diversion ☐ Granted ☐ Denied ☐ Pay fee
Bail ☐ Exon ☐ Forfeited Bond # _____
☐ Forfeiture set aside ☐ Bail Reinstated
☐ $ _____ costs by _____
OR/SOR ☐ Revoked ☐ Reinstated
☐ B/W Set Aside ☐ Recalled ☐ Reassump Filed
☐ B/W Ordered, Bail $ _____ ☐ B/W Stayed
☑ Hrg on Motion *set aside plea*
☑ Motion ☐ Den ☒ Granted ☐ O/C ☐ Subm

☐ Prelim Waived ☐ Certified to Superior Court          ☐ Held to answer _____
LEA  ☐ Amended on face
Conditions ☐ None ☐ No State Prison ☐ Include Viol/Prob _____
*plea WITHDRAWN*
*judgment VACATED*
☐ Jail/Prison Term of _____                     ☐ this time ☐ Subm time of Sent
☑ Dismissal/Striking *nda ct1 IOC*  ☐ Registration PC290/HS11590/PC457.1 ☐ Future serious felony prior
☐ Advised ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ PC17 Red ☐ Granted ☐ Denied ☐ Arbuckle Waiver ☐ Harvey Stip
☐ Waives Constit Rights ☐ Written Waiver filed
☐ Pleads ☐ Guilty ☐ Nolo Contendere to following viol & admits enhs (see below) ☐ Factual Basis found ☐ Findings stated
☐ Bunnell Subm on Prelim Evid/Trans ☐ Court finds Deft
☐ Ref'd to Prob Dept ☐ Waives Formal Report ☐ Waives referral ☐ Probation Denied

ROB  ☐ Execution ☐ Imposition of sentence suspended for probation period

☐ Court ☐ Formal Probation Granted _____ days/mos/years ☐ Prob term on release
☐ Report to APO & maintain contact as directed ☐ w/n 3 days ☐ upon release
☐ Court finds Violation/No Violation ☐ Deft Admits Violation of Probation
☐ Prob Reinst/Continued Original Terms & Conditions ☐ Prob Term No further Penalties
☐ Revoked ☐ Modified ☐ Extended to _____
☐ Complete Commun Altern Program ☐ Perform _____ hrs Volunteer Work
☐ Submit Search/Testing ☐ Educ/Voc Trg/Empl ☐ DVPO to issue ☐ Advised PC12021
☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed
☐ No contact w/victim or family/co-defts unless appr by APO ☐ No pager/port comm device
☐ No alco/ drugs or where sold ☐ Restitution _____ cnsl/prgm
☐ Complete _____
☐ Not drive w/o valid lic & ins ☐ license surrendered ☐ Reissue DL _____
☐ Partic in ☐ Delete ☐ Reinst ☐ 1st Offender/Mult Off Prgm ☐ Rept w/n _____
☐ Lic susp/rev/restr for _____ to, from, during ☐ Work ☐ Alco prgm ☐ VC
☐ Ignit Interlock Dev ☐ ordered _____ yrs ☐ waived Veh ☐ Impound ☐ Not Impounded
☐ Gang orders: No insignia, tattoos, assoc w/gang members, etc. ☐ PC 290.2 (DNA TEST) Ordered ☐ PC 1202.1 (AIDS TEST) Ordered ☐ Aids Education Program
Other _____

**FINES**
Pay to ☐ Court ☐ DOR ☐ AR Fee by _____
Count _____ $ _____ +PA $ _____
Count _____ $ _____ +PA $ _____
☐ Concur/Consec w/Prison/Jail @ _____ /day
☐ purs to HS11350(d)
R/F $ _____  ASF $ _____
DPF $ _____  CJAF $ _____
LAB $ _____
AEF $ _____  PINV $ _____ max
Atty $ _____  PSUP $ _____ /mo max
Total Amount Due $ _____
☐ Ref'd to DOR to determine ability to pay
☐ Crt finds deft ☐ able ☐ not able to pay
☐ Payments granted/modified @ $ _____ /mo
Commencing _____

**CONVICTION / JAIL / PRISON**

| Count | F/M | Violation | Trm/Yrs | Enhancement | Yrs/S | Prison | County Jail |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

☐ See Attachment Page for additional charges   ☐ Sentence Deemed Served ☐ Ordered to report to Local Parole

PRIORS Alleged & Found True/Admitted

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

TOTAL TERM _____

CTS = _____ act + _____ (4019) = _____ Total days

**VIOLATION DATE: 02/27/1998**

☐ Advised _____ years parole ☐ Appeal rights   Total this case ☐ Consec ☐ Concur @
☐ Straight time ☐ Weekends ☐ Weekend Work ☐ PC1209 Fee Ordered/Waived ☐ EMP. rec ☐ Eligible / not elig EMP/PSP/WF/CoParole
☐ Stay Surrender/Transp to _____ @ _____ sooner  ☐ Pre-process _____ AM/PM
☐ Bal of CJ susp ☐ Release to _____   ☐ only 1 rel-PC4018.6
☐ Remanded into Cust ☐ Bail ☐ Set @ ☐ Increased ☐ Reduced to $ _____

DEPUTY CLERK

# EXHIBIT COVER PAGE

VICTIM OF CRIME

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

1. LETTER, AFTER CONVICTION ON CASE # SCD195342, ACKNOWLEDGING PLAINTIFF WAS A VICTIM OF A CRIME, EXHIBIT - "6 (A)", 6-14-06

2. RESTITUTION FORM, EXHIBIT "SCD-04", 6-14-06

## NUMBER OF PAGES TO THIS EXHIBIT: ___2___ PAGES.

## JURISDICTION: (Check only one)

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme
- [ ] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

Approved for Use with Judicial Council forms in 1997

OFFICE OF

# THE CITY ATTORNEY

## CITY OF SAN DIEGO

### Michael J. Aguirre

CITY ATTORNEY

June 14, 2006

CHRISTOPHER S. MORRIS
MARGARET G. JACOBO
ASSISTANT CITY ATTORNEYS

CRIMINAL DIVISION
1200 THIRD AVENUE, SUITE 700
SAN DIEGO, CALIFORNIA 92101-4103
TELEPHONE (619) 533-5500
FAX (619) 533-5505

CRAIG SMITH
1631 PENTECOST WAY, NO. #7
SAN DIEGO CA 92106

Dear Mr. Smith,

People vs. Alephonsion Deng
City Attorney Case Number EB3468 / M991587

Our records show that you were the victim of a crime committed on December 1, 2005. The person who committed this crime has been convicted. Now, the court may require that person to reimburse you if you had any out-of-pocket expenses because of the crime.

If you owe or had to pay any money as a result of this crime and want to be reimbursed, please fill out the enclosed form. Make sure we can read your writing. Then make two copies of any bills, receipts, or estimates you have for the damage you suffered. Send the completed form and two copies of the paperwork to our office. If you do not have receipts, please explain why.

We must receive your paperwork within thirty days of the date of this letter. The court will inform you of any restitution orders made in this case.

If the court orders you to be reimbursed, you have the right to convert the criminal restitution order into a civil judgement, which will make all civil remedies available to you. This conversion process is handled through the San Diego Superior Court. To get an order granting restitution to you enforceable as a civil judgment (SDMC form 546), you must appear at court in the department in which the defendant was sentenced, at 220 West Broadway in downtown San Diego, with your criminal case and restitution order. This conversion to a civil judgment is your responsibility.

Sincerely yours

MICHAEL J. AGUIRRE, City Attorney

By

Bernadette Dreyer
Restitution Clerk

S CID-64

RESTITUTION FORM                              June 14, 2006

Case name: People vs. Alephonsion Deng                    Case Number EB3468

CRAIG SMITH                              Your phone number:
1631 PENTECOST WAY, NO. #7
SAN DIEGO CA 92106

To be reimbursed for any out-of-pocket expenses you had to pay due to this
case, you must complete and return this form and your receipts WITHIN 30
DAYS of the date on the enclosed letter.

As part of this criminal case, you can be reimbursed only for your out-of-
pocket expenses that were a direct result of the crime and that were not
covered by insurance. You cannot be reimbursed through this case for
"pain and suffering" or other emotional distress or intangible losses; you
can seek those damages in a separate civil claim if you wish. If your
insurance paid for your damages but you had to pay a deductible, you can
be reimbursed through this criminal case for that deductible.

OUT-OF-POCKET EXPENSES: List only those expenses NOT reimbursed by
        insurance.
PROPERTY DAMAGE                                          Cost of repair
    What property was damaged:                           or replacement

    _____    $  _____

    _____    $  _____

MEDICAL EXPENSES
    Injury                  Treatment Facility            Cost

    _____    $  _____

INSURANCE DEDUCTIBLE
    Write the amount of any insurance deductible
    that you had to pay:                      $  _____

OTHER OUT-OF-POCKET EXPENSES
    If you had any other out-of-pocket expenses from this case that have
    not been listed above and that were not covered by insurance, list them
    here.  (Rental car expenses, lost wages, etc.)        Cost

    _____    $  _____

    _____    $  _____

TOTAL EXPENSES YOU WANT REIMBURSED:          Total:  $  _____
WHAT TO DO NOW
    ( ) Check here and return form to the below address if you have
        NO out-of-pocket expenses
    ( ) Check here if you are still under medical care as a result of this
        incident
    ATTACH 2 COPIES OF YOUR RECEIPTS OR A LETTER EXPLAINING WHY YOU DO NOT
    HAVE RECEIPTS
    Send this completed form and receipts to:  Restitution Clerk
                                               City Attorney's Office
                                               1200 Third Avenue, Suite 700
                                               San Diego, CA 92101

# EXHIBIT COVER PAGE

LOSS WORK

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

1. THIS IS A CONTRACT, I WAS JUST CONTRACTED FOR ON -10-30-06, 1 RUN MY OWN BUSINESS, THIS ILLUSTRATE: MY PAY RANGE AND MY LOSS, CAN PROVIDE MORE PAPER WORK IF REQUIRED, CONTRACTS START AT 3 MONTHS TO INDEFINITE. EXHIBIT'S "LE1, - LE 2"

## NUMBER OF PAGES TO THIS EXHIBIT: _____2_____ PAGES.

## JURISDICTION: (Check only one)

✓ OTHER

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

pproved for
e with Judicial
uncil forms
n 1997

RE: The Computer Merchant    h℮.1    http://webmail-vra.webmail.aol.com/20836/aim/en-us/mail/display-..

| | |
|---|---|
| | This message has been scanned for known viruses. |
| **From:** kbrady@TCML.com | |
| **To:** craig0814@aim.com | |
| **Subject:** RE: The Computer Merchant | |
| **Date:** Mon, 23 Oct 2006 6:24 AM | |

Hi Craig,

Thanks for the update. You can either send the paperwork over to Michelle Ward, or you can fax them over to me. My fax number is listed below. Thanks Craig.

Fax – 781-878-4712

Best Regards,

Kyle Brady
IT Recruiter
The Computer Merchant Ltd.
800-617-6172 x4448
kbrady@tcml.com
www.tcml.com

---

**From:** craig0814@aim.com [mailto:craig0814@aim.com]
Sent: Friday, October 20, 2006 6:31 PM
To: Kyle Brady
Subject: Re: The Computer Merchant

Kyle, Printed off all the documents, I can fax them all back to Michelle Ward - Contracts correct?, I will take all the docments with me home and read over them and will probably fax them tomorrow, You should have them before Monday morning.

Thanks,

Craig Smith

-----Original Message-----
From: kbrady@TCML.com
To: craig0814@aol.com
Cc: craig0814@aim.com
Sent: Fri, 20 Oct 2006 1:32 PM
Subject: The Computer Merchant

Hi Craig,

First, I would like to say congratulations on being offered the position, as CSC was very impressed with your background, education, experience, and skills. I am sending you this e-mail as the e-mail from our contracts department, which contains several attachments, including a background investigation form, must be completed and sent back prior to starting. The drug test will be overnighted via FedEx/DHL, which will arrive probably tomorrow or Monday. This must also be completed prior to starting. If any questions arise, please feel free to call me, or my manager, Scott Parsons, as his contact information is listed below. Once again, Congratulations Craig!

P.S. Once you receive the paperwork, please fill them out as soon as possible, as the background investigation form take 1-2 days to process, as well as the drug test. The faster these are completed, the sooner you can start

RE: The Computer Merchant    LE.2    http://webmail-vra.webmail.aol.com/20836/aim/en-us/mail/display-..

at CSC. Also, our company does require that two (2) professional references be sent over, only one will be checked though.

**Position:**
Solaris Administrator

**Client:**
Computer Science Corporation (CSC) supporting Washington Mutual

**Website:**
www.csc.com

**Duration:**
3-Month Contract Position with Potential for Extension

**Policies:**
MUST BE A US CITIZEN OR GREENCARD HOLDER
MUST BE ABLE TO PASS A DRUG TEST AND BACKGROUND INVESTIGATION

Location:
Pleasanton, California

**Rate:**
$50/hr W2

**Duties/Responsibilities:**
Provides support for moderately complex technical and team management activities related to system and database administration. Solaris 8/10 operating system, SUN hardware and familiarity with Veritas Cluster.


Best Regards,

Kyle Brady
IT Recruiter
The Computer Merchant Ltd.
800-617-6172 x4448
Mobile: 781-363-1549
kbrady@tcml.com
www.tcml.com


##########################################

This message has been scanned by F-Secure Anti-Virus for Microsoft Exchange.
For more information, connect to http://www.f-secure.com/

size=2 width="100%" align=center>

Check Out the new free AIM(R) Mail -- 2 GB of storage and industry-leading spam and email virus protection.
##########################################

This message has been scanned by F-Secure Anti-Virus for Microsoft Exchange.
For more information, connect to http://www.f-secure.com/

10/23/2006 12:46 PM

# EXHIBIT COVER PAGE

CASE # SCD195342

2006 SD

**EXHIBIT**

# DESCRIPTION OF THIS EXHIBIT:

1. FIRST TRIAL ACQUITTAL EXHIBIT - SCD-01
2. JURY VERDICT ON 4-17-06 MISDEMEANOR VIOLATION CONVICTION, NO ENHANCEMENT FINDING
3. PRONOUNCEMENT OF JUDGMENT, MISDEMEANOR VIOLATION PRONOUNCED, NO FINDING OR PRONOUNCE-
   -MENT ON A ENHANCEMENT, PRISON PRIOR IMPROPERLY APPLIED TO MISDEMEANOR VIOLATION,
   EXHIBITS SCD-05, SCD-05.2."

# NUMBER OF PAGES TO THIS EXHIBIT: ___5___ PAGES.

4. ABSTRACT OF JUDGMENT, SAME AS PRONOUNCEMENT, NO ENHANCEMENT, EXHIBIT SCD-06

# JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

pproved for
e with Judicial
ouncil forms
n 1997

SCD-01
4 (B)

1 Ara

## Superior Court of the State of California
### FOR THE COUNTY OF SAN DIEGO
### CENTRAL DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG SMITH,<br><br>Defendant. | Department 39<br><br>Case No. SCD 195342<br>D.A. No. ABQ769<br><br><br>**VERDICT** |

We, the jury in the above entitled cause, find the defendant,

Craig Smith, _____NOT GUILTY_____ of the crime of
            [Guilty]     [Not Guilty]

Driving While Having More than .08 Percent of Measurable Blood

Alcohol, in violation of Vehicle Code section 23152(b), as

charged in Count Two of the Information.

DATE: 10/25/06
Attest: A true copy,

                   Court Administrator

By _____ Deputy

Dated ___2/17/06___         _Redacted_
                                         FOREPERSON

# SUPERIOR COURT OF CALIFORNIA
## County of San Diego

0204

DATE: 4-17-06          DEPT. 06          Reporter: L. TULLER          CSR No. 12392
PRESENT HON. ALBERT T. HARUTUNIAN III                                Page 1 of 1
Clerk: C. SCHMIDT
Bailiff: A. AVILES
Release Status: custody/ $50,000 bail set
Violations: Ct 1 – VC23152(a)


Defendant present

---

SCD195342          PEOPLE OF THE STATE OF CALIFORNIA          By: Daniel F. Link, DDA
ABQ76901

VS.

CRAIG SMITH                                By: J. Gregory Turner
                                           Retained


8:55 A. Aviles, SDSO, is sworn to take custody of the jury.
9:10 The jury is deemed present and escorted to the jury deliberations room to continue deliberations.
10:00 The Court is informed that verdicts have been reached. Counsel are ordered to return to court.
10:40 Counsel named above – DDA D. Link and retained Attorney J. Gregory Turner, are now present. The
Defendant is also present. The 12 jurors are seated and court is again in session. **JURY TRIAL RESUMES.**
The Presiding juror reports that a verdict has been reached. The Court reviews the verdict form and finds the
form in order. At the direction of the Court, the Clerk reads the verdict, a redacted copy of which is attached,
filed, and incorporated by reference herein.


## THE DEFENDANT IS FOUND GUILTY OF COUNT NO. 1 – VC23152(a)


Counsel waive polling of the jury.
The verdict is are recorded. Reading of the verdicts, as recorded, is waived. The jury is released from the
admonishment not to discuss the case, but cautioned to be truthful if they chose to speak of this matter. All juror
information is ordered sealed. The jury is thanked and discharged from further service. All jurors exit the
courtroom. Defendant waives statutory time for trial on allegations of prior convictions.
**COURT TRIAL ON ALLEGATIONS OF PRIOR CONVICTIONS IS SET FOR MAY 15 AT 8:30, IN
THIS DEPARTMENT.**
The Probation Department is ordered to prepare a pre-sentence report.
**PROBATION HEARING AND SENTENCING IS SET FOR MAY 15, AT 8:30, IN DEPARTMENT 6.**
10:55 Court is adjourned. Defendant is remanded to the custody of the Sheriff with bail as set, at $50,000.

ALBERT T. HARUTUNIAN III

D195342  DA ABG7690

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Bail Bond $50,000
Absolute BB

☒ CENTRAL  ☐ NORTH  ☐ EAST  ☐ SOUTH      0212

DATE 10-30-06  AT 130 p. M.

PRESENT: HON. A. Haritunian      JUDGE PRESIDING DEPARTMENT 6

CLERK M. Knight / C. Schmidt  REPORTER A. Pineda      CSR# 12670

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

THE PEOPLE OF THE STATE OF CALIFORNIA      BLINK / S. Ly

                              DEPUTY DISTRICT ATTORNEY

VS.  Smith, Craig      R. Allen by M. Schunk
          DEFENDANT                  ATTORNEY FOR DEFENDANT (PD / APD / PCC / RETAINED)

VIOLATION OF  VC23152(a)      P.O. E. Sintilla

CH(S). _____ INTERP. _____ OATH ON FILE / SWN.

PRIOR(S) PC667.5(b)      LANGUAGE _____

DEFENDANT ☒ PRESENT  ☐ NOT PRESENT  ☐ NOT PRODUCED

☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION _____ ☐ WAIVES HEARING.
   PROBATION IS / REMAINS: ☐ FORMALLY ☐ SUMMARILY ☐ REVKD ☐ REINST ☐ MODIFIED ☐ CONT. ☐ ST&C ☐ TERMD. ☐ EXT. TO: ____

☒ COMPLIANCE WITH PC 296 VERIFIED / ORDERED.  ☐ WAIVES ARRAIGNMENT. ☒ ARRAIGNED FOR JUDGMENT. ☐ IMPOSITION / EXECUTION OF SENTENCE IS SUSP.
☒ PROBATION IS: ☒ DENIED ☐ GRANTED _____ YEARS (FORMAL/SUMMARY) TO EXPIRE _____
☐ COMMITMENT TO SHERIFF FOR _____ DAYS. STAYED TO _____ / PNDG. SUCC. COMPL. OF PROB. ☐ PAROLE NOT TO BE GRANTED.
☐ PERFORM _____ HRS / DAYS PSP / VOL. WORK AT NONPROFIT ORG.  SUBMIT PROOF TO PROBATION / COURT BY _____
☐ 4TH AMENDMENT WAIVER: ☐ IMPOSED. ☐ REMAINS IN EFFECT. ☐ DELETED.  ☐ FORMAL PROB. CONVERTS TO SUMM. PROB.
☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: _____
☐ DEFENDANT IS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY  ☐ PER WI 1737
☒ DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS  ☐ PER PC 1170(d).
☒ FOR _____ ☐ LOWER / MIDDLE / ☒ UPPER / ☐ INDETERMINATE TERM OF 3 ☒ YEARS / MONTHS / TO LIFE
   ON COUNT 1 CODE & NO. VC23152(a)      ☒ PRINCIPAL COUNT. ☐ STIPULATED SENTENCE.
☐ DEFENDANT SENTENCED PER 667(b)-(i)/1170.12.  ☒ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC 12021.
☐ NO VISITATION PER PC 1202.05.  VICTIM IS UNDER 18 YRS. OF AGE.  DA TO COMPLY WITH NOTICES.
☒ DEFT. ADVISED REGARDING PAROLE / APPEAL RIGHTS. ☐ REGISTRATION PER PC 290 / HS 11590 / PC 457.1 / PC 186.30.
☒ HIV TESTING PER PC 1202.1. ☒ DNA SAMPLING PER PC 296. ☐ PROTECTIVE ORDER ISSUED.
☒ DEFENDANT TO PAY: FINE OF $ _____ ☒ PENALTY ASSESSMENT. ☒ $20 COURT SECURITY FEE. ☐ PROBATION COSTS. ☐ BOOKING FEES.
   REST. FINES. ☒ $ 300 — PER PC1202.4(b). ☒ F/W PER PC2085.5. ☒ $ 300 — PER PC1202.44/ PC1202.45 SUSP. UNLESS PROB. / PAROLE REVKD.
☐ PROBATION HAVING BEEN FORMALLY REVOKED, THE PREVIOUS RESTITUTION FINE OF $ _____, SUSPENDED PER PC 1202.44, IS NOW DUE.
☐ RESTITUTION TO VICTIM(S) PER P.O.'S REPORT / REST. FUND PER PC 1202.4(f) OF $ _____ / IN AN AMT. TO BE DETERMINED. ☐ JOINT & SEVERAL.
☐ COURT-APPOINTED ATTORNEY FEES ORDERED IN THE AMOUNT OF $ _____
☐ INCOME DEDUCTION ORDER OF $ _____ PER PAY PERIOD PER PC 1202.42 STAYED UNLESS DEFT. FAILS TO PAY VICTIM REST.  NOTICE OF RIGHTS PROVIDED.
☐ AT THE COMBINED RATE OF $ _____ PER MONTH TO START 60 DAYS AFTER RELEASE / ON _____
☐ DEFT. TO REPORT TO REVENUE & RECOVERY / COURT COLLECTIONS TO SET UP AN ACCOUNT FORTHWITH / WITHIN 72 HOURS OF RELEASE FROM CUSTODY.
☒ ALL PROPERTY IMPOUNDED, SEIZED, OR HELD IN CUSTODY IN THIS CASE TO BE DISPOSED OF PER POSSESSING AGENCY'S POLICY.

CREDIT FOR TIME SERVED
253 DAYS LOCAL
_____ DAYS STATE INST.
126 DAYS PC4019/2933.1
379 TOTAL DAYS CREDIT

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☒ WITHOUT BAIL. ☐ WITH BAIL SET AT $ _____
☐ DEFENDANT TO REMAIN AT LIBERTY  ☐ ON BOND POSTED $ _____ ☐ ON PROBATION. ☐ ON DEJ. ☐ ON OWN / SUPERVISED RECOGNIZANCE.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY  ☐ ON PROBATION. ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ. ☐ THIS CASE ONLY.

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT.
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION. ☐ PER PC 1203.03.  ☐ PER WI 707.2.
_____ CONTINUED TO / SET FOR _____ AT _____ M. IN DEPT. _____ ON MOTION
OF COURT / DDA / DEFENDANT / PROBATION OFFICER. REASON: _____
☐ EVIDENTIARY HEARING ON THE PROBATION REVOCATION ALLEGATION TO BE HEARD CONCURRENTLY WITH THE PRELIMINARY HEARING.

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____
☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED.
☒ BAIL IS ☒ EXONERATED. ☐ FORFEITED. AMOUNT $ 50,000. BOND NO. 5550147671-1
   BOND COMPANY Absolute Bail Bonds      AGENT _____

☐ PROCEEDINGS SUSPENDED  ☐ PER PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)

☐ PER WI 3051, ADDICTION OR DANGER OF ADDICTION. SERVICE OF PETITION: _____

☐ PROBATION TO PREPARE SUPP. REPT. / SUBMIT POST-SENT REPT TO CDC PER PC1203c. ☒ REPT. TO REG. OF VOTERS. ☒ DMV ABSTRACT. B.A.C. _____
The Court finds the Defendant has an extensive history of driving under the influence, several driving
under the influence convictions, that the current offense was committed while the Defendant was on parole,
and that there has been no remorse shown by the Defendant. The Court finds Defendant suffers from a
substantial lack of credibility.
Sentence on Enhancement per PC667.5(b) – 1 year Consecutive
**TOTAL CUSTODY – 4 YEARS**

JUDGE OF THE SUPERIOR COURT

(POST) Page 1 of 2        Bail Bond $50,000
                          Absolute BB

SCD195342 DA ABG76901

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ CENTRAL  ☐ NORTH  ☐ EAST  ☐ SOUTH

DATE 10-30-06 AT 130 p.M.

PRESENT: HON A. Harutunian    JUDGE PRESIDING DEPARTMENT 6

CLERK M Knight / C. Schmidt   REPORTER A. Pineda    CSR# 12670
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

THE PEOPLE OF THE STATE OF CALIFORNIA          Blink S. Liu
                            VS.                DEPUTY DISTRICT ATTORNEY
Smith, Craig                  R. Allen by M. Schunk
       DEFENDANT              ATTORNEY FOR DEFENDANT (PD / APD / PCC / RETAINED)

VIOLATION OF VC23152(a)                        P.O. E. Santillan
ENH(S) _____          INTERP. _____
PRIOR(S) PC667.5(b)            LANGUAGE _____     OATH ON FILE / SWN.

DEFENDANT ☒ PRESENT  ☐ NOT PRESENT  ☐ NOT PRODUCED

Over the objection of the People, Defense moves for a continuance, as Defense Counsel states he did not receive the People's Statement in Aggravation.
1:45 The Court is in recess, so that Defense Counsel may review People's Statement.
2:00 Court reconvenes. Defense renews continuance request, in order to verify information contained in the People's Statement in Aggravation. The Court finds no new information in the People's Statement, as all prior conviction information was contained in the Probation Officer's Report, which was filed several months ago, finds no legal cause to continue, and denies Defense motion to continue. Defense disputes validity of prior convictions alleged, and asserts there exists a legal cause to delay sentencing. The Court finds no legal cause to delay. All filed paperwork has been reviewed by the Court. The People present sentencing argument. The Defendant addresses the Court. The Defense presents further argument regarding whether the Defendant's 2001 prior conviction was a felony or a misdemeanor. The Court does not find it appropriate to hold an evidentiary hearing at this time and proceeds with sentencing, as shown on next docket.

**CUSTAT** (CUST)
☐ DEFT REMANDED TO THE CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☐ WITH BAIL SET AT / REDUCED TO / INCREASED TO $_____ ☐ PC 1275
☐ DEFT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $_____ ☐ ON OR / SOR.
☐ DEFT ORDERED RELEASED FROM CUSTODY ☐ ON OR / SOR ☐ PROBATION ☐ CASE DISMISSED. ☐ ACQUITTED. ☐ THIS CASE ONLY.

**FUTURE** (F HTRGRSE)
WAIVERS: ☐ STATUTORY TIME PRELIM / TRIAL / JUDGMENT. ☐ PRELIM ☐ SPEEDY TRIAL ☐ HARVEY / ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HRG.
☐ WAIVES ATTY / INTERPRETER CONFLICT FOR THIS HRG. ☐ COMPL. DEEMED INFO. IMMED. ARRAIGNMENT (SEE CRM-2A) ☐ IMMED. SENTENCING (SEE CRM-2B.)
FOURTH AMENDMENT WAIVER: ☐ IS IMPOSED AS A CONDITION OF RELEASE / PROBATION. ☐ REMAINS IN EFFECT. ☐ IS DELETED.
_____ IS SET FOR / CONT'D / TRAILED TO _____ AT _____ IN DEPT. _____
ON MOTION OF COURT / PEO. / DEFT. REASON: _____
☐ READINESS IS SET FOR / CONT'D TO _____ AT _____ IN DEPT. _____ EST. PRELIM: _____. DAYS LEFT (TRIAL) _____

**BONDS** (B WRNTS S)
☐ BENCH WARRANT TO ISSUE, BAIL SET AT $_____ ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____ MOTIONS DUE: _____
☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED.
☐ BAIL IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $_____
BOND COMPANY _____ BOND NO. _____
☐ BAIL FORFEITURE OF _____ IS SET ASIDE / REINSTATED / EXONERATED. SURETY TO PAY _____ W/IN 30 DAYS. ☐ FEES WAIVED.
AGENT _____

**MH**
☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON _____ AT _____
BY FORENSIC PSYCHIATRY CLINIC. FEMALES, ROOM 1003, CENTRAL COURTHOUSE; MALES, CENTRAL DETENTION FACILITY.
HEARING ON _____ AT _____ IN DEPARTMENT _____, CENTRAL COURTHOUSE.
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**REFERRAL**
☐ REPORT ORDERED: ☐ PRESENTENCE. ☐ POST-SENTENCE, COPY TO BE SENT DIRECTLY TO DEPT. OF CORRECTIONS PER PC 1203c.
☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT. ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
☐ DEFENDANT REFERRED TO / ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. FOR INTERVIEW: ☐ 3977 OHIO STREET, SAN DIEGO
☐ 330 W. BROADWAY, 5TH FL, SAN DIEGO ☐ 325 S. MELROSE, VISTA ☐ 250 E. MAIN ST., 8TH FL, EL CAJON ☐ 1727 SWEETWATER ROAD, NATIONAL CITY.

OTHER:
See page 2 of 2 for Sentencing.

ALBERT T. HARUTUNIAN III

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
## SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
[Not to be used for multiple count convictions or for 1/3 consecutive sentences]

0170

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SAN DIEGO**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: CRAIG SMITH      DOB: 08-14-61<br>AKA:<br>CII#: 09220253<br>BOOKING #: 6450451       ☐ NOT PRESENT<br>COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT      ☐ AMENDED<br>          ABSTRACT | CASE NUMBER<br>**SCD195342** <br><br>**F I L E D**<br>Clerk of the Superior Court<br><br>NOV 02 2006<br><br>By: Michelle Knight, Deputy |

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 10-30-06 | 6 | A. HARUTUNIAN, III |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|
| M. KNIGHT | A. PINEDA | 21140736 |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | ☐ APPTD. |
|---|---|---|
| D. LINK | M. SCHUNK | |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | TERM (L,M,U) | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | VC | 23152(s) | DRIVING UNDER INFLUENCE OF ALCOHOL | 2005 | 04-17-06 | X | | | U | 3 | 0 |

Column group header: CONVICTED BY | TIME IMPOSED

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC667.5(a) | 1 | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

   Restitution Fine(s): $**800** per PC 1202.4(b) forthwith per PC 2085.5; $**800** per PC 1202.45 suspended unless parole is revoked.

   Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
       (*List victim name(s) if known and amount breakdown in item 7 below.)

   Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

   Lab Fee: $_____ per HS 11372.5(a) for counts _____ . ☐ Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING: a. ☐ AIDS pursuant to PC 1202.1   b. ☒ DNA pursuant to PC 296   c. ☐ other (specify):

7. Other orders (specify): $20 COURT SECURITY FEE IMPOSED.
   FIREARM NOTICE PER PC12021 GIVEN.

| 8. TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 4 | 0 |
|---|---|---|

9. ☐ This sentence is to run concurrent with (specify):

10. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.     d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   b. ☐ at resentencing per decision on appeal.     e. ☐ other (specify):
   c. ☐ after revocation of probation.

| 11. DATE SENTENCE PRONOUNCED<br>10-30-06 | CREDIT FOR TIME SPENT IN CUSTODY<br>379 | TOTAL DAYS: INCLUDING:<br> | ACTUAL LOCAL TIME 253 | LOCAL CONDUCT CREDITS 126 | ☒ 4019<br>☐ 2933.1 | TIME SERVED IN STATE INSTITUTION:   DMH   CDC   CRC |
|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to   ☒ the reception center designated by the director of the California Department of Corrections.
            ☐ other (specify):

---

**CLERK OF THE COURT:** I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| M. KNIGHT   *M. Knight* | 11-02-06 |

This abstract matter under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170,1213, 1213.5

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

2354    1983

FILING FEE PAID
Yes    No ✓

IFP MOTION FILED
Yes

COPIES SENT TO
Court    PrtSe

**Craig Smith**

F I L E D

2007 NOV -2 PM 4: 25

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ RM _____ DEPUTY

**DEFENDANTS**

**Dan Link, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Craig Smith
PO Box 799005
San Diego, CA 92179
T-09268

**ATTORNEYS (IF KNOWN)**

'07 CV 2105 JLS LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX**
(For Diversity Cases Only)    **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    November 2, 2007

SIGNATURE OF ATTORNEY OF RECORD
R. Miller